**John P. SHALE, Plaintiff,**

v.

**FLORIDA TIMES–UNION et al., Defendants.**

**No. 68–271–Civ.–J.**

United States District Court M. D. Florida, Jacksonville Division.

Oct. 10, 1968.

John P. Shale in pro. per.

Harold B. Wahl, Jacksonville, Fla., for Florida Times-Union.

Jos. W. Hatchett, Asst. U. S. Atty.

## ORDER DISMISSING CASE AS TO DEFENDANT "FLORIDA TIMES-UNION"

SCOTT, District Judge.

This cause came on to be heard after due notice, with plaintiff John P. Shale present in person and defendant "Florida Times-Union" represented by Harold B. Wahl, Esquire.

The defendant "Florida Times-Union" moves to dismiss on various grounds, including failure to state a cause of action, but the Court will rule only on the second ground, reading as follows:

"2. Although the complaint was filed June 5, 1968, the record shows that plaintiff has made no attempt to make service on most of the defendants, including either "Florida Times-Union" or Florida Publishing Company, and accordingly the suit is subject to dismissal for failure to prosecute."

■ While this Court has Local Rule 14 that causes will be dismissed when "no proceeding has been docketed therein for a period of more than one year", the law is clear that in addition to this specific Rule, the Court has inherent power to dismiss for failure of plaintiff to prosecute with due diligence even though affirmative action has been taken within the year.

See Reddish v. Forlines (Fla.DCA–1, 1968) 207 So.2d 703, where various authorities are cited, including this quotation from 24 Am.Jur.2d 51:

"In the exercise of *its inherent power* to dismiss a case for failure to prosecute with due diligence, the *trial court may dismiss an action where there has been a failure, for an unreasonable period of time after the filing of the complaint, to have the summons issued*, or a failure to renew a summons by procuring the issuance of an alias summons thus causing a 'hiatus or chasm' in the chain of process such as results in a discontinuance under the common-law rule, or where, after the issuance of the summons, there has been an unreasonable and inexcusable delay in serving it."

See also Popkin v. Crispen (Fla.DCA–4, 1968) 213 So.2d 445, and the various authorities cited in both the *Popkin* and *Reddish* cases.

■ In this case, although the complaint was filed on June 5, 1968, no attempt has been made by plaintiff to have issued summons against the defendant "Florida Times-Union", and plaintiff, present at the hearing, gave no satisfactory explanation for such failure.

Upon consideration, it is, therefore,

Ordered and adjudged that this cause be, and it is hereby, dismissed without prejudice as to defendant "Florida Times-Union".