UNITED STATES of America, Appellee,

v.

Keith W. ATKINSON, an individual,
and St. Paul Fire and Marine Ins.
Co., Appellants.

Nos. 84–808, 84–852.

United States Court of Appeals,
Federal Circuit.

Nov. 16, 1984.

Robert Glenn White, Glad, White & Ferguson, Los Angeles, Cal., submitted for appellant.

Richard K. Willard, Acting Asst. Atty. Gen., David M. Cohen, Director, Washington, D.C., Joseph I. Liebman, Atty. in Charge International Trade Field, New York City, and Michael P. Maxwell, New York City, submitted for appellee.

Before MARKEY, Chief Judge, and BENNETT and MILLER, Circuit Judges.

MARKEY, Chief Judge.

Appeal from decisions of the United States Court of International Trade (CIT) denying St. Paul Fire and Marine Insurance Company's (St. Paul's) motions for relief from judgment and to amend answer (App. No. 84–808), and for extension of time in which to file an appeal (App. No. 84–852). We *affirm.*

### Background

St. Paul was the surety on an Immediate Delivery and Consumption Entry Bond executed in 1975 by Keith W. Atkinson. When Atkinson failed to comply with an order for redelivery, the government made various unsuccessful efforts to collect $13,700 in liquidated damages from Atkinson, the last on November 24, 1978. The government then demanded payment on the bond from St. Paul in July, 1979 and again in December, 1981. St. Paul did not honor the bond.

The government sued St. Paul, which filed an answer admitting the operative facts and raising only two defenses: (1) statute of limitations; and (2) failure to state a claim.

In August, 1983, the government moved for summary judgment. St. Paul responded with a cross-motion for judgment on the pleadings, asserting that the government's claim was time barred and that its pleadings were deficient for failure to plead governmental compliance with certain specified Customs Regulations. The government responded with an affidavit establishing its compliance with each of those Regulations.

In November, 1983, the CIT granted the government's motion for summary judgment. St. Paul has never appealed from that judgment. The CIT also denied St. Paul's cross-motion for judgment on the pleadings.

There ensued a procedural paper chase, beginning with St. Paul's motion for relief of judgment under CIT Rule 60(b) in De-

cember, 1983.[1] With that motion St. Paul tendered an amended answer.

On January 3, 1984, the government responded to the 60(b) motion. That motion and leave to amend answer were denied by the CIT the next day.

On January 26, 1984, St. Paul filed an appeal from the denial of its 60(b) motion and leave to amend answer.

On the next day, St. Paul moved for extension of time to appeal from the grant of summary judgment. On February 9, 1984, the government opposed the extension and on February 13, the CIT denied the motion.

St. Paul's appeals from the denials of its motions were consolidated by this court on March 8, 1984.

### OPINION

St. Paul says both appeals involve the denial of its CIT Rule 60(b) motion for relief of judgment and its request to amend its answer, apparently on the notion that its 60(b) motion tolled the time for appeal of the summary judgment. Only if that is not so, says St. Paul, must its motion for extension under Rule 4(a)(5), FRAP, be considered. St. Paul asserts that its filing of appeal from the denial of the Rule 4(a)(5) motion within 60 days of the denial of its 60(b) motion is "timely as to" the CIT grant of summary judgment.

This is not an extraordinary case sufficient to justify a vacating of the decisions denying St. Paul's motions. St. Paul never advanced a meritorious defense in any of the proceedings before the CIT, nor did it support its purported defenses by affidavit or other documentary evidence.

■ The grant or denial of a motion for relief from judgment is discretionary, *CTS Corp. v. Piher Int'l Corp.*, 727 F.2d 1550, 221 USPQ 11 (Fed.Cir.1984), and the standard of review is therefore whether the trial court abused its discretion.

---

1. The government's brief mistakenly refers to the motion as having been filed under Rule 60(b), Fed.R.Civ.P.

■ No abuse of discretion occurred here. St. Paul's defense of non-compliance with regulations was not raised in its answer, but only in arguments submitted in opposition to the government's motion for summary judgment. The government submitted an affidavit showing compliance, briefed the matter in its reply to St. Paul's opposition arguments, established compliance with all regulations by the Customs Service, and pointed out that the specified regulations were not drawn to benefit sureties.

Because St. Paul's notion that the government was required to plead compliance with regulations was spurious, the government need not have established that compliance. Though given ample opportunity, St. Paul chose to rely solely on counsel's arguments and to put no *facts* on the record which could establish its purported defense. Because it submitted no affidavits or in any other manner established a material fact issue, St. Paul ran the risk of not responding to the government's motion for summary judgment and that motion was therefore properly granted.

Though it speaks to us of justice, nothing in its briefs or in the record indicates that St. Paul suffered any injustice whatever as a result of the CIT's denial of the 60(b) motion and leave to amend. Its allegations of the government's failure to plead compliance with regulations and failure of the government to act promptly are the sole basis for its claim to relief from judgment and for leave to amend by adding those allegations to its answer. But those were spurious defenses, the insertion of which would have been meaningless. They were not conditions precedent to be pled by the government and their assertion in motion papers could not create a material fact issue precluding summary judgment.

Having had adequate opportunity to properly amend its answer or offer proof before filing its reply to the government's response to its motion for judgment on the pleadings, and having chosen not to do so, St. Paul has no basis for alleging that it was "surprised" by any decision of the CIT

or that it suffered any form of manifest injustice.

The authorities on which St. Paul relies, *Foman v. Davis,* 371 U.S. 178, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962), and *Howey v. United States,* 481 F.2d 1187 (9th Cir.1973), are inapt. In *Foman,* plaintiff was denied all opportunity to pursue one of her claims. In *Howey,* plaintiff did not, as defendant St. Paul did here, unduly delay in moving to amend, or refuse to offer proof on a defense until after judgment had been entered. Similarly, St. Paul's citation of "seizure" cases, which this case is not, in support of its "government must be prompt" argument is totally inapt, as is its citation of *United States v. Eight Thousand Eight Hundred Fifty Dollars,* 645 F.2d 836 (9th Cir.1981), which the Supreme Court reversed, *United States v. Eight Thousand Eight Hundred Fifty Dollars,* 461 U.S. 555, 103 S.Ct. 2005, 76 L.Ed.2d 143 (1983).

■ The CIT did not abuse its discretion in denying the Rule 4(a)(5) motion for an extension of time to appeal. The rule requires a showing of excusable neglect or good cause, and where, as here, the motion is filed after the time for filing a notice of appeal has expired, that showing must be clear. There is none here. There is no basis in the record, and St. Paul asserts none, on which to support a finding of excusable neglect. St. Paul's naked and unsupported assertions that denial of the motion for extension was somehow unfair and created some undefined injustice cannot establish an abuse of discretion on the part of the CIT.

■ The filing of a CIT Rule 60(b) motion for relief of judgment cannot substitute for, or toll the time prescribed for, filing a notice of appeal. That is true of Rule 60(b), Fed.R.Civ.P. *See e.g., Hardy v. St. Paul Fire & Marine Ins. Co.,* 599 F.2d 628 (5th Cir.1979). The Federal Rule includes "does not affect the finality of a judgment or suspend its operation" and the CIT Rule does not. Absent a contrary indication, however, we will not assume that the effect on the period for filing an appeal of a motion for relief of judgment in

the CIT differs from the effect of the same motion in a district court. Moreover, the difference in rule language becomes irrelevant in light of the special statute, 28 U.S.C. § 2645(c), governing the effect of CIT decisions. That statute provides:

> A decision of the Court of International Trade is final and conclusive, unless a retrial or rehearing is granted pursuant to section 2646 of this title or an appeal is taken to the Court of Appeals for the Federal Circuit...

St. Paul had timely notice of the grant of summary judgment. It says nothing to us concerning any adequate reason whatever for failure to appeal from that judgment. In a confused and confusing series of assertions, it refers to the grant having occurred "before trial" (as all such grants do) and to its offer to amend its answer as "raising issues that would defeat" such grant (which it would not, because answers do not establish that material fact issues exist). It inappropriately relies on Rule 15(a) and the liberal policy permitting amendment of pleadings, with no recognition of the irrelevancy and ineffectiveness of its intended amendment as a counter to the government's motion for summary judgment.

In sum, St. Paul has merely sought to avoid the obligation it undertook as surety. It has done so by procedural maneuver alone. Its failure even to state a possible evidentiary or legal defense to the demand that it meet its obligation impels a conclusion that it has none.

### Costs

On filing this appeal, St. Paul was informed by the Clerk of Court of this court's opinion in *Asberry v. United States Postal Service*, 692 F.2d 1378, 215 USPQ 921 (Fed.Cir.1982), in which it was stated that the filing or maintenance of a frivolous appeal would result in a sanction, such appeals resulting only in waste of judicial resources and taxpayer funds and in delay imposed on deserving litigants. *See also Tatum v. Regents of Nebraska,* —— U.S. ——, 103 S.Ct. 3084, 77 L.Ed.2d 1346 (1983)

(order invoking sanctions under Sup.Ct.R. 49.2); *Brown v. United States,* 741 F.2d 1374, 1377–78 (Fed.Cir.1984); *Wright v. United States,* 728 F.2d 1459 (Fed.Cir. 1984); *Beachboard v. United States,* 727 F.2d 1092 (Fed.Cir.1984); 28 U.S.C. §§ 1912, 1927 (1982); FRAP 38.

In *Connell v. Sears, Roebuck and Co.,* 722 F.2d 1542, 220 USPQ 193 (Fed.Cir.1983), this court, after recognizing the difficulties in determining when an appeal is frivolous, held the appeal in that case to have been frivolous because no factual or legal basis for its filing or maintenance had been shown. The same considerations apply in the present case, where St. Paul has shown not even a colorable basis, in fact or law, for either the filing of this appeal or for its maintenance after St. Paul's receipt of the government's brief. St. Paul's assertion of clearly meritless arguments mislabeled defenses cannot substitute for the long established criteria for filing and maintaining an appeal. Those criteria, at a minimum, require that some basis, however, tenuous, be set forth which, if accepted by this court, might result in a reversal or undoing of the judgment or order appealed from. That did not happen here. The appeal was therefore frivolous and St. Paul shall pay to the government an amount equalling twice the costs incurred by the government in responding to this appeal.

### Conclusion

The CIT committed no abuse of discretion in denying St. Paul's motions for relief from judgment, for leave to amend the answer, and for extension of time to file a notice of appeal. St. Paul shall pay twice the costs incurred by the government in responding to the appeal.

AFFIRMED.