**Patricia E. MORLAN, in her own behalf and as next best friend of the minor, Jessica Lynn Morlan, Plaintiff,**

v.

**Ryan B. HARRINGTON, MD, J.M. Lyons, MD, L. Michael Howell, MD, The Neuropsychiatric Institute independently and/or associated with St. Luke's Hospitals, Defendants.**

No. A3–83–175.

United States District Court,
D. North Dakota,
Southeastern Division.

Dec. 11, 1986.

Thomas J. Rielly, Des Moines, Iowa, for plaintiff.

Jack G. Marcil and Paul F. Richard, Fargo, N.D., for St. Lukes Hospitals.

John D. Kelly, Fargo, N.D., for Harrington, Lyons, & Howell.

## ORDER

VAN SICKLE, District Judge.

This action was filed on December 1, 1983. As amended, it is a medical malpractice action brought against fourteen doctors and the Neuropsychiatric Institute and St. Luke's Hospital, based on their alleged negligence in their treatment of the plaintiff, Patricia E. Morlan. On August 8, 1984, the claims against eleven of the doctors were dismissed with prejudice. On February 24, 1986, the three remaining defendant doctors brought the present motions for summary judgment and for dismissal. The institutional defendants joined in these motions and brought a motion to dismiss on November 28.

The individual defendants argue that the opinion testimony of Mark Thoman, M.D., brought forward by Morlan as her sole expert witness, is not admissible to support the plaintiff's claim at trial. Two of the motions brought by the defendants rely on this contention, and a third is based on failure to prosecute.

█ The defendants move for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure. In compliance with Rule 5(b) of the Local Rules, United States District Court for the District of North Dakota, defendants have submitted a "Statement of Material Facts As To Which There is No Genuine Issue to be Tried." Paragraph II. of that document states that "the testimony of Mark Edward Thoman, M.D., is inadmissible." If Dr. Thoman's testimony were held inadmissible this action would be subject to a summary judgment of dismissal, as competent expert testimony is required under North Dakota law to make out a prima facie case of medical malpractice. *Winkjer v. Herr*, 277 N.W.2d 579 (N.D.1979).

█ The inadmissibility of Dr. Thoman's testimony, however, is not undisputed; rather it is hotly contested. Further, it is not a statement of fact, but rather a conclusion of law. The proper course to take in Rule 56 motions is to include only the genuinely uncontested material facts in the Rule 5(b) statement, and reserve the hoped

for conclusions of law for the brief. Were this court to take the assertion in paragraph II. as a statement of material fact, this motion would have to be dismissed without further consideration, as that assertion is genuinely contested by the plaintiff in her brief. This court instead recognizes that paragraph II. presents an argument of law rather than a statement of material fact, and so the fact that it is contested does not bar summary judgment.

The true uncontested material facts for this motion are those aspects of Dr. Thoman's educational and vocational background that neither side disputes. This court has gleaned as many of those facts as possible from the briefs of the parties, and will treat them as the uncontested material facts. The legal issue remaining for this court is whether those facts reveal Dr. Thoman's testimony to be inadmissible, so entitling the defendants to "a judgment as a matter of law." F.R.Civ.P. 56.

The burden of proof is on the defendants. *Adickes v. S.H. Kress and Co.*, 398 U.S. 144, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970). Any doubts or ambiguities will be resolved in favor of the plaintiffs. *Id.* The facts asserted by the plaintiffs will be considered as true. *Id.*

■ The general rule is that an expert in a field that recognizes specialties need not be a specialist in order to testify as an expert witness. *Holmgren v. Massey-Ferguson, Inc.*, 516 F.2d 856 (8th Cir.1975). The testimony of a doctor as an expert witness in a medical malpractice case may not be excluded simply because he is not a specialist. *Harris v. Smith*, 372 F.2d 806 (8th Cir.1967). It is well established that the training and specialization of a physician expert witness in a medical malpractice case goes to the weight rather than to the admissibility of the testimony. *Frost v. Mayo Clinic*, 304 F.Supp. 285 (D.Minn. 1969). This principle is established in North Dakota state law. *Benzmiller v. Swanson*, 117 N.W.2d 281 (N.D.1962). It is only required that the proposed witness be familiar with the standard of care alleged to have been breached. *Fitzgerald v. Manning*, 679 F.2d 341 (4th Cir.1982).

■ The defendants have failed to carry the burden of proof required to sustain this motion. They argue that Dr. Thoman has mistaken a gastroplasty for a small bowel bypass, that he has failed to keep abreast of advances in certain surgical techniques, that he is mistaken in his understanding of some of the facts of this case, and that some of the medical journal articles he refers to were published subsequent to Morlan's treatment. All of these arguments go to the weight rather than to the admissibility of Dr. Thoman's testimony. Further, nothing is presented to impeach Dr. Thoman's expertise in the area of nutritional deficiencies, such as the possible thiamine deficiency which appears to be at the heart of this action.

The second motion brought by the defendants based on the contention that Dr. Thoman's testimony is inadmissible is a motion for dismissal brought pursuant to § 28–01–46 of the North Dakota Century Code. That statute provides in pertinent part:

Any action for injury or death against a physician, nurse, or hospital licensed by this state based upon professional negligence shall be dismissable on motion unless the claimant has obtained an admissible expert opinion to support the allegation of professional negligence within three months of the commencement of the action or at such later date as set by the court.

It appears that the North Dakota Supreme Court views § 28–01–46 as largely a codification of the pre-existing case law requiring expert testimony for a prima facie case of medical malpractice, except that it sets a three month deadline from the commencement of the action for the plaintiff to obtain admissible expert testimony supporting the claim. *Fortier v. Traynor*, 330 N.W.2d 513 (N.D.1983). Since there has been no claim that the three month deadline plays any role in this case there is no difference between this motion and the preceding one, and it too must be denied.

It is not clear whether the above actually constitute two separate motions at all. A

motion in federal court should be brought pursuant to a federal rule. A Rule 56 summary judgment motion would appear to be the logical vehicle for seeking a dismissal pursuant to § 28–01–46. A sound procedure would be to bring a single Rule 56 motion for summary judgment with § 28–01–46 as statutory authority and the previous case law as interpretive authority. The accompanying Rule 5(b) statement would set out the expiration of the deadline and the facts indicating the absence of admissible expert testimony.

The individual defendants' third motion is for dismissal for failure to prosecute pursuant to rule 41(b) of the Federal Rules of Civil Procedure. "Every lawyer should familiarize himself with the local rule, if any, on this point in each district in which he has actions pending." Wright and Miller, Federal Practice and Procedure: Civil § 2370. Rule 4(c), Local Rules, United States District Court for the District of North Dakota, provides as follows:

> Cases which are not ready for trial and which have been pending in court without any activity for more than one year may be dismissed by the Court on its own motion or on motion of the defendant for failure to prosecute.

The defendants have not demonstrated that the conditions set by Rule 4(c) exist, and so the motion is denied.

The docket sheet for this file indicates that there was a pattern of activity in this case from the December 1, 1983 filing of the complaint until August of 1984. During this time, however, the plaintiff was assessed costs for failure to comply with the defendants' discovery requests, and the only discovery conducted by the plaintiff was two sets of interrogatories filed on June 22, 1983 and August 14, 1984. From August of 1984 until the filing of the instant motions on February 24, 1986, the only discovery conducted by the plaintiff was a request for books and documents filed April 15, 1985. The only other activity during that 18 month period was the taking of a set of depositions by the defendants. In May of 1986 the plaintiff took the depositions of the three individual defendants. There has been no activity since that date.

■ The local rule regarding failure to prosecute is advisory, and it is within the discretion of the court to dismiss for lack of prosecution even when the terms of that rule have not been met. *Shale v. Florida Times-Union*, 291 F.Supp. 407 (M.D.Fla. 1968). This court will be receptive to a properly plead Rule 41(b) motion to dismiss for failure to prosecute if the plaintiff does not pursue this action in earnest in the future.

The institutional defendants have joined in the above motions, and bring a further and fourth motion to dismiss pursuant to rule 12(b)(6) of the Federal Rules of Civil Procedure on the grounds that the hospital cannot be held liable for the alleged negligence of the defendant physicians. The motion relies on matters outside the pleadings, including several affidavits. It will be considered as a Rule 56 motion for summary judgment pursuant to the provisions of Rule 12(b).

■ In a Rule 56 motion, the facts stated by the party opposing the motion are taken as true. *Adickes*, 90 S.Ct. 1598. The plaintiff has claimed negligent conduct on the part of the hospital record-keeping and nursing staff in addition to the alleged negligence of the defendant physicians. This raises a genuine issue of material fact and precludes a summary judgment, regardless of whether the physicians are agents or independent contractors.

Therefore IT IS ORDERED:

The motions for summary judgment and for dismissal brought by the individual defendants are denied.

The motion for dismissal brought by the institutional defendants is denied.