MELCHER & LANDAU, INC., PLAINTIFF *v.* UNITED STATES, DEFENDANT

Court No. 88-07-00542

(Decided August 28, 1990)

Barnes, Richardson & Colburn (*Sandra Liss Friedman*) for plaintiff.
*Stuart M. Gerson,* Assistant Attorney General, *Joseph I. Liebman,* Attorney in Charge, International Trade Field Office, Commercial Litigation Branch, Civil Division, United States Department of Justice (*Barbara M. Epstein*) for defendant.

MEMORANDUM OPINION AND ORDER

DICARLO, *Judge*: Plaintiff moves pursuant to Rules 1 and 60(b) of the Rules of this Court for an order amending the decision and judgment this Court previously entered in this action. The motion is denied.

In *Men's Wear Int'l, Inc. v. United States*, 13 CIT 817, Slip Op. 89–142 (October 13, 1989), the Court ordered that all cases suspended under the test case *Izod Outerwear, Div. of Gen. Mills. Inc. v. United States*, 9 CIT 309 (1985), be removed from the suspension disposition within thirty days after their scheduled dismissal date. Any case remaining on the suspension disposition calendar would be moved to an active trial calendar. This action was scheduled to be dismissed on December 31, 1989.

On November 9, 1989, the Court entered a judgment based upon an agreed statement of facts. The parties entered into the agreed statement following meetings with the parties and their counsel as well as the examination of various documents. In the agreed statement, the parties stipulated that enumerated styles of merchandise contained in entry number 385–0006961–2 would be reliquidated at an agreed rate. Plaintiff now moves the Court to amend the final judgment to include styles not originally specified. According to the plaintiff, the omitted styles are "the same merchandise which the defendant has previously agreed to stipulate." Plaintiff's Motion To Amend Decision And Judgment 1.

The plaintiff asserts its failure to include these styles resulted from erroneous instructions to a typist. This error was allegedly compounded by pressures associated with meeting the Court's deadline for removing this case from the suspension disposition calendar. The government contests the motion and maintains plaintiff has failed to provide a justifiable reason for amending the judgment.

The relief the plaintiff is seeking would nullify the Court's earlier order by effectively granting an extension of the period of time in which this action remained suspended. This action should have been moved to a trial calendar on March 1, 1990. The parties were aware that the Court intended to try any remaining actions by Labor Day of 1990.

Granting this motion would also alter an agreement between the parties without the government's consent. The agreement to stipulate to certain facts resulted in the settlement of this action. The Court declines to modify an agreement reached between litigants without a stronger showing of excusable neglect, mistake or inadvertence. In such a case, the Court would be more amenable to vacating the judgment to allow the negotiation of a new agreement. Lacking that showing, the Court declines to issue such an order.

A motion for relief from judgment under Rule 60(b) is addressed to the discretion of the court. *United States v. Atkinson*, 3 Fed. Cir. (T) 15, 17, 748 F.2d 659, 660 (1984). The plaintiff has not alleged facts either sufficient to constitute one of the prerequisites for relief or the basis of a meritorious defense to the underlying classification action. Consequently, it does not qualify for the relief it is seeking. *Avon Prods., Inc. v. United States,* 13 CIT 670, Slip Op. 89–117, 4 (August 23, 1989) citing *Universal Film Exch.. Inc. v. Lust*, 479 F.2d 573, 576 (4th Cir. 1973).

Upon reading plaintiff's motion for relief from final judgment and for amendment of final judgment and upon due consideration of the defendant's opposition to that motion, the Court ORDERS that plaintiff's motion is denied.