**WASHINGTON INTERNATIONAL INSURANCE COMPANY,**
**Plaintiff,**

v.

**UNITED STATES, Defendant.**

**Court No. 91–01–00032.**

United States Court of
International Trade.

June 22, 1992.

Sandler, Travis & Rosenberg, P.A., Kenneth H. Keefe, Miami, Fla., for plaintiff.

Stuart M. Gerson, Asst. Atty. Gen., Joseph I. Liebman, Atty. in Charge, Intern. Trade Field Office, Commercial Litigation Branch, Civ. Div., U.S. Dept. of Justice, James Curley, Washington, D.C., for defendant.

## MEMORANDUM OPINION AND ORDER

GOLDBERG, Judge:

Pursuant to USCIT R. 60(b), plaintiff moves for relief from an Order of Dismissal, entered in this action on May 15, 1992. The Department of Justice, on behalf of the United States, does not object to the requested relief.

The clerk of the court dismissed this action, pursuant to USCIT R. 86(b), for lack of prosecution because plaintiff failed to remove it from the Joined Issue Calendar

within the six month period established in USCIT R. 86(a).

Although plaintiff's motion does not specify, as it should, upon which of the several provisions of USCIT R. 60(b) it relies, it appears from the motion papers that plaintiff relies upon Rule 60(b)(1): "mistake, inadvertence, surprise, or excusable neglect."

In support of the relief requested, plaintiff alleges in its motion:

Through inadvertence, the date of removal of the subject civil action from the joined issue calendar was not entered into counsel for plaintiff's computerized notification system. Adding to this inadvertent error was the fact that counsel for plaintiff did not receive a notice of dismissal from the court for the subject civil action. (Exhibit A). Said notice would have alerted counsel to the impending date of removal.

Plaintiff's Motion for Relief at 1.

Although not so identified, the "notice of dismissal from the court" to which plaintiff alludes apparently refers to the notice provided for in USCIT R. 86(c):

(c) NOTICE.

At least 30 days prior to the entry of an order of dismissal, the court shall send notice to the parties informing them that the action will be dismissed as prescribed by this rule.

In response to the court's inquiry, the clerk of the court advised that there is nothing in the file of this action to show that the notice provided for in Rule 86(c) was served. Accordingly, absent proof of service, the court assumes that the clerk of the court did not serve the notice.

The issue to be decided here is whether non-receipt of the notice resulting from the clerk's failure to serve the notice—by itself—is sufficient to permit relief under USCIT R. 60(b)(1), on the basis of mistake, inadvertence or excusable neglect. Posed differently, the court must address what consequences attach to the clerk's failure to serve the notice mandated by USCIT R. 86(c).

It should be noted, and emphasized, that plaintiff's counsel knew or should have known, that this action would be dismissed for lack of prosecution. Rule 86(b) prescribes that, if an action is not removed from the Joined Issue Calendar within six months from the month the answer was filed, it will be dismissed for lack of prosecution.

Notification by the clerk, as required by Rule 86(c), is merely for the convenience of counsel. It is a reminder of a fact which counsel already knows, or should know— that the action will be dismissed for lack of prosecution if not removed from the Joined Issue Calendar within six months from when the answer was filed. In this regard, a notice to remove an action from the Joined Issue Calendar is comparable to a notice to remove from a Reserve Calendar.[1]

Therefore, the decision of the predecessor of this court in *Andrew Dossett Imports v. United States*, 351 F.Supp. 1404, 69 Cust.Ct. 334 (1972) is instructive. There, Chief Judge Boe of the United States Customs Court described the notice of removal of an action from a Reserve Calendar, which the clerk of the court was required to serve, as follows:

It was solely informative and advisory in character, and required no response or action on the part of the plaintiff other than to comply with the provisions as set forth, with particularity, in rule 14.6 of this court.

Rule 14.6(c) of this court is explicit with respect to the period of time during which an action might remain in such a reserve status or classification....

*Andrew Dossett Imports*, 351 F.Supp. at 1406, 69 Cust.Ct. at 335.

In this motion, counsel tacitly acknowledges that he, in fact, was aware of the date of removal from the Joined Issue Calendar, but "through inadvertence," the

---

1. A similar notice sent by the clerk, pursuant to USCIT R. 83(d), also serves merely as a reminder to counsel of a deadline about which counsel knows, or should know—that an action will be dismissed for lack of prosecution if it is not removed from the Reserve Calendar within the 12–month period set forth in USCIT R. 83(a).

date of removal "was not entered into counsel for plaintiff's computerized notification system;" and a notice of dismissal from the court "would have alerted counsel to the impending date of removal." *See* Plaintiff's Motion for Relief at 1.

Consequently, the specific issue to be decided is whether the failure of the clerk of the court to serve a reminder notice of the pending dismissal date upon plaintiff's counsel is sufficient evidence to prove plaintiff's "inadvertence" or "excusable neglect" within the purview of USCIT R. 60(b)(1), and therefore justify granting relief from the Order of Dismissal.

Local rules on the subject of dismissal of cases for lack of prosecution are common, and provide for automatic dismissal of cases in which no action has been taken within a prescribed period. *See* Wright and Miller, Federal Practice and Procedure: Civil § 2370. "Every lawyer should familiarize himself with the local rule, if any, on this point in each district in which he has actions pending." *Morlan v. Harrington,* 658 F.Supp. 24, 27 (D.N.D.1986) (quoting Wright and Miller, Federal Practice and Procedure: Civil § 2370).

■ An attorney's duty is to protect his client by seeing that important deadlines are met. "Litigants and their counsel may not properly be allowed to disregard process or procedural rules with impunity." 7 Moore's Federal Practice P. 60.19; *see also* Wright & Miller, Federal Practice and Procedure: Civil § 2858. To discharge this responsibility, the attorney must exercise diligent efforts in monitoring proceedings in an action. Counsel may not shift that burden to the court by relying upon a notice from the court. *Wang Laboratories, Inc. v. United States,* 16 CIT ——, Slip Op. 92–90 at 10, 1992 WL 144292 (June 18, 1992); *see also Avanti Products, Inc. v. United States,* 16 CIT ——, Slip Op. 92–85 at 3, 1992 WL 129490 (June 4, 1992); *Prior Products Inc. v. Southwest Wheel—NCL Co.,* 805 F.2d 543, 546 (5th Cir.1986); *Orshan v. Macchiarola,* 105 F.R.D. 534, 539 (E.D.N.Y.1985); *Mennen Co. v. Gillette Co.,* 719 F.2d 568, 570 n. 5 (2nd Cir.1983); and *Mizell v. Attorney General of State of*

*N.Y.,* 586 F.2d 942, 944–945 n. 2 (2nd Cir. 1978), *cert. den.,* 440 U.S. 967, 99 S.Ct. 1519, 59 L.Ed.2d 783 (1979).

■ Accordingly, the fact that plaintiff in the instant case did not receive a reminder notice of a deadline about which it already had notice, is not relevant or material to whether plaintiff has established excusable neglect.

■ Apart from not receiving a reminder notice from the court, plaintiff's sole asserted reason for the requested relief is that "through inadvertence, the date of removal ... from the joined issue calendar was not entered into counsel for plaintiff's computerized notification system." Plaintiff's Motion for Relief at 1.

The court cannot countenance such a broad, conclusory assertion. It is for the court to determine, based upon specific facts presented to it, whether there exists inadvertence or excusable neglect sufficient to grant Rule 60(b)(1) relief. Plaintiff's attempted explanation is neither sufficiently specific nor persuasive to comply with the requirements of Rule 60(b). Under that rule, the moving party must present facts sufficient to demonstrate that the delay in filing was the result of mistake, inadvertence, surprise, or excusable neglect.

In *United States v. Atkinson,* 748 F.2d 659 (Fed.Cir.1984), the appellant appealed a decision from this court denying its motion for relief from judgment under USCIT R. 60(b). The Court of Appeals noted that "[t]he grant or denial of a motion for relief from judgment is discretionary ... and the standard of review is therefore whether the trial court abused its discretion." *Atkinson,* 748 F.2d at 660. Since there was no evidence in the record, other than "naked and unsupported assertions," to support a finding of excusable neglect, the Court of Appeals held that this court did not abuse its discretion in denying plaintiff's motion for relief. 748 F.2d at 661.

## CONCLUSION

For the foregoing reasons, plaintiff's motion is denied without prejudice to its re-

newal. Upon a specific and adequate showing of diligent effort in monitoring this action on the Joined Issue Calendar, plaintiff's counsel may renew this motion within 30 days from the date of this order.

Since the Department of Justice did not consent to plaintiff's motion, but merely entered a "no objection" response, the court directs the Department of Justice to file a response to the renewed motion, if made, within 10 days of the date the renewed motion is filed. The response should indicate the consent or opposition of the Department of Justice, with supporting reasons, including its determination as to whether the interests of the United States would or would not be prejudiced if the order of dismissal were set aside.

So ordered.