NOTE:  Pursuant to Fed. Cir. R. 47.6, this disposition
Is not citable as precedent.  It is a public record.

# United States Court of Appeals for the Federal Circuit

04-1545

ARTHUR O. KLEIN,

Plaintiff-Appellant,

v.

JON W. DUDAS, Under Secretary of Commerce for Intellectual Property
and Director of the Patent and Trademark Office, and
DEPARTMENT OF COMMERCE, PATENT AND TRADEMARK OFFICE,

Defendants – Appellees.

_____

DECIDED:  March 9, 2005

_____

Before RADER, SCHALL, and BRYSON, <u>Circuit Judges</u>.

RADER, <u>Circuit Judge</u>.

On summary judgment, the District Court for the District of Columbia denied Mr. Klein's sixth petition for reinstatement of his registration to practice before the United States Patent and Trademark Office (PTO) (Order, D.D.C., Mar. 28, 2003). The PTO suspended Mr. Klein's registration in 1987.  Instead of timely filing a notice of appeal of that decision, Mr. Klein submitted a number of post-judgment motions, including one, filed on July 2, 2004,  for leave to amend his untimely appeal of January 23, 2004, requesting relief for clerical mistakes, inadvertence, excusable neglect, etc., under Fed. R. Civ. P. 60(a) and (b).  The district court denied this motion

on July 9, 2004. Mr. Klein appeals that result. Because the district court did not abuse its discretion in its denial of Mr. Klein's Rule 60(a) and (b) motion of July 2, 2004, this court affirms.

Mr. Klein submitted his notice of appeal for review of the denial of his sixth petition--which was denied on March 28, 2003--on January 23, 2004. The district court found, and this court agreed, that this notice was untimely. Mr. Klein should have filed his appeal within sixty days of the date of denial of Mr. Klein's postjudgment motion on April 30, 2003. Klein v. Dudas, 95 Fed.Appx. 1008 (Fed. Cir. 2004). Also on January 23, 2004, the district court denied as untimely Mr. Klein's motion to extend the time for appeal of its final judgment on the sixth petition to this court.

On July 2, 2004, Mr. Klein moved the district court for leave to amend his Notice of Appeal of January 23, 2004, requesting relief for clerical mistakes, inadvertence, excusable neglect, etc., under Fed. R. Civ. P. 60(a) and (b). The district court denied this motion on July 9, 2004, finding that Mr. Klein was seeking relief for mistakes of a type not usually afforded protection under Rule 60. See Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship, 507 U.S. 380, 392-393 (1993).

This court reviews decisions of a trial court on motions for relief under Fed. R. Civ. Proc. 60(a) or (b) for abuse of discretion. United States v. Atkinson, 748 F.2d 659, 660 (Fed. Cir. 1984). The record shows that the trial court did not abuse its discretion in its denial of Mr. Klein's Rule 60(a) and (b) motion of July 2, 2004. Insofar as Mr. Klein raises new arguments on this appeal, this court declines to address them here. See, e.g., Cooper v. Goldfarb, 154 F.3d 1321, 1331 (Fed. Cir. 1998).

This appeal is the latest stage of a protracted litigation before the PTO, the district court, and this court, that began after Mr. Klein's 1987 suspension from legal practice before the PTO. Considering the history of this litigation appellee has invited this Court to consider means to restrict further litigation by Mr. Klein, and Mr. Klein has addressed this issue in his sur-reply brief.

Putting this litigation history into perspective, Mr. Klein's registration could have been reinstated as early as 1989 had he followed the PTO's procedure for reinstatement, laid out in 37 C.F.R. §§ 10.158 and 10.160. This procedure requires notifying clients of the suspension, returning client files, refraining from unauthorized practice, reporting precisely by affidavit his compliance, etc. Instead, Mr. Klein chose to seek reinstatement outside of these requirements by challenging the validity of the PTO's proceedings against him on grounds of due process and substantiality of the evidence against him. This court found no substance to the due process challenges and concluded that substantial evidence supported the charge that Mr. Klein had acted deliberately to mislead the PTO by falsely representing document mailing dates. See Klein v. Peterson, 866 F.2d 412, 414 (Fed. Cir. 1989). Since 1989, Mr. Klein has continued to file petitions within the PTO, district court actions, and subsequent appeals to this court. None of these actions, and none of the evidence which Mr. Klein has introduced since 1989, have resulted in his reinstatement. This court most recently affirmed the PTO's decision on reinstatement in Klein v. Lehman, 61 F.3d 918 (1995) (table). It is clear to this court that no further avenues of litigation would be fruitful to Mr. Klein in redeeming his registration. Any further filings on the body of facts already in the

04-1545                                                   3

record will be considered frivolous, and could lead to sanctions.  The decision of the district court is affirmed.