NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2006-1486

ARTHUR O. KLEIN,

Plaintiff-Appellant,

v.

JAMES A. TOUPIN, General Counsel of the United States
Patent and Trademark Office, DEPARTMENT OF COMMERCE,
HARRY I. MOATZ, Director of the Office of Enrollment and Discipline,
and UNITED STATES PATENT AND TRADEMARK OFFICE,

Defendants-Appellees.

_____

DECIDED: December 6, 2006
_____

Before MICHEL, Chief Judge, LINN, and PROST, Circuit Judges.

PER CURIAM.

Arthur O. Klein appeals from the decision of the United States District Court for the District of Columbia granting summary judgment in favor of the United States Patent and Trademark Office (the "PTO"). Because we agree that Klein's constitutional due process claims are barred by res judicata, we affirm.

BACKGROUND

The history of this case is well described in previous opinions of this court as well as several district court decisions, including the decision on appeal, and will not be

repeated here. See, e.g., Klein v. Toupin, No. 05-647, slip op. (D.D.C. May 24, 2006) ("Toupin"); Klein v. Rogan, No. 02-789, slip op. (D.D.C. Mar. 28, 2003) ("Rogan"); Klein v. Peterson, 866 F.2d 412 (Fed. Cir. 1989); Klein v. Dudas, 126 Fed. Appx. 480 (Fed. Cir. 2005). This appeal stems from a disciplinary proceeding instituted against Klein over twenty years ago which resulted in an order suspending him from practice for two years. Since his suspension Klein has filed eight petitions for reinstatement with the PTO, several cases in the federal district courts, and three appeals to this court (including the present appeal) each substantively challenging his suspension from practice. The current appeal is based on his seventh petition.[1]

We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(1).

DISCUSSION

Klein asserts that the district court erred in holding that he was barred by the doctrine of res judicata from relitigating his constitutional due process claims because his current claims are based on the "Clopper Memoranda," which he did not discover until May 2002. Klein contends that the Clopper Memoranda support his allegations that the PTO concealed the existence of certain evidence he sought during his suspension proceedings, in violation of his due process rights.

After examining the record before it, the district court noted that (1) the Clopper Memoranda were part of the record considered by the Administrative Law Judge in initially suspending Klein from practice, (2) the Clopper Memoranda were listed in the PTO's exhibit list, which was served on Klein on June 3, 1985 through one of his

---

[1] While his case was pending before the district court, Klein filed an eighth petition at the PTO.

attorneys, (3) Klein cited to the Clopper Memoranda in his reply brief, filed on October 30, 1985, at the disciplinary hearing, and (4) the record in one of Klein's previous appeals to the district court also included the Clopper Memoranda. Thus, the court concluded:

> [a]s Plaintiff was aware of the existence of the Clopper Memoranda during the pendency of his initial disciplinary proceedings, and indeed relied upon them in one of his briefs, Plaintiff's argument that the Clopper Memoranda were only recently 'discovered' is without any merit whatsoever.

Toupin, slip op. at 7.

"Under res judicata, a final judgment on the merits bars further claims by parties or their privies based on the same cause of action." Montana v. United States, 440 U.S. 147, 153 (1979). The doctrine works "[t]o preclude parties from contesting matters that they have had a full and fair opportunity to litigate[,] protects their adversaries from the expense and vexation attending multiple lawsuits, conserves judicial resources, and fosters reliance on judicial action by minimizing the possibility of inconsistent decisions." Id. at 153-54.

As noted, Klein's sole argument on appeal[2] is that the PTO violated his procedural due process rights "by concealing the existence of the 'Clopper Memoranda' and, by derivation, the existence of the eleven envelopes, in the possession of the USPTO . . ., from Klein and his attorney William J. Carter." We agree with the district

---

[2] Klein's Informal Brief apparently confuses a statement made in our last decision based on his appeal of the denial of his sixth petition for reinstatement. This court noted that "[i]nsofar as Mr. Klein raises new arguments on this appeal, this court declines to address them here[]" and cited "[s]ee, e.g., Cooper v. Goldfarb, 154 F.3d 1321, 1331 (Fed. Cir. 1998)" as support. Cooper was not cited in an attempt to "analogize[] [his] case to . . . a patent interference case" as he asserts, but rather, it was cited solely as support for the proposition stated in the text of our opinion—that we would not address arguments raised for the first time on appeal.

court that Klein is precluded from asserting his due process claims. Klein's constitutional due process claims were previously raised and rejected in final judgments in two separate cases. See Klein v. Peterson, 696 F. Supp. 695, 698 (D.D.C. 1988) (rejecting Klein's assertions that the disciplinary proceeding violated his due process rights); Rogan, slip op. at 13-14 (noting that Klein "had no fundamental right" to practice before the PTO and that he had failed to show that his due process rights were violated). In addition, while Klein contends that he only discovered "the existence" of the Clopper Memoranda in 2002, the district court's findings clearly dispel that contention. Therefore, Klein cannot avoid the conclusion that res judicata bars him from reasserting his claims with respect to perceived violations of due process by the PTO.[3]

We also approve the district court's decision to sanction Klein for his failure to heed this court's warning issued during his last appeal to this court, that "[a]ny further filings on the body of facts already in the record will be considered frivolous, and could lead to sanctions."

CONCLUSION

Accordingly, the decision of the district court is affirmed.

---

[3] Klein's motion for leave to file correspondence between himself and the Judicial Branch of the State of Connecticut is denied because it is not relevant to the issue before us—whether Klein is barred by res judicata from asserting his procedural due process claims.