**In re TODD CORPORATION, Debtor.**

**FIRST SOUTH HOMEOWNERS, CO., INC., Plaintiff,**

v.

**O. Torbitt IVEY, Jr., Trustee, Defendant-Appellee,**

v.

**UNITED STATES of America, Intervenor-Appellant.**

No. 80–7968

Summary Calendar.

United States Court of Appeals, Fifth Circuit.*
Unit B

Nov. 23, 1981.

Zinora Mitchell, Commercial Litigation Branch, Civ. Div., U. S. Dept. of Justice, Washington, D. C., for the U. S.

O. Torbitt Ivey, Jr., Ivey & Associates, David E. Hudson, Hull, Towill, Norman, Barrett & Johnson, Augusta, Ga., for defendant-appellee.

Before GODBOLD, Chief Judge, KRAVITCH and HATCHETT, Circuit Judges.

PER CURIAM:

The district court entered an order and judgment transferring an amount from a

* Former Fifth Circuit case, Section 9(1) of Public Law 96–452—October 14, 1980.

bankrupt's estate to the Referee's Salary and Expense Fund. The trustee appealed and thereafter filed in the district court a FRCP Rule 60(b) motion to amend the judgment. The United States failed to respond as required by local rules which treat such failure as lack of opposition, and the court granted the 60(b) motion on August 18, 1980. The trustee then moved to dismiss his appeal, and this was granted September 9, 1980.

On August 29, 1980 the United States filed with the district court a Rule 59(e) motion to amend the judgment entered August 18. A Rule 59(e) motion must be *served* no later than 10 days after entry of judgment, and service is complete on mailing, FRCP 5(b). Thus the United States' motion had to be mailed to the trustee by August 28 to be timely. The district judge denied the motion on the grounds that even if he overlooked its local rules the United States could not prevail.

 November 19, 1980 the United States filed a notice of appeal from the orders of August 18 and September 23. The time for filing notice of appeal is tolled by a timely Rule 59 motion to alter or amend a judgment, FRAP 4(a). Thus, whether the notice of appeal filed by the United States on November 19, from an order entered August 18, is timely depends upon whether the Rule 59 motion was timely served. We remanded to the district court for it to make findings on this issue. After hearing the district court found that on August 29 the clerk of the district court received a copy of the Rule 59 motion for filing, but that the trustee and counsel for the plaintiff, whose post office boxes are in the same post office as the clerk's, and all are within ten feet of each other, did not receive service copies of the motion by mail until September 5, 1980. The court held that the government had failed to show that the service copies were mailed within ten days of judgment and, therefore, that the motion was not timely served. The evidence supports this holding.

Because the Rule 59 motion was not timely it did not toll the United States' time for appeal. The appeal being untimely, it must be, and is, DISMISSED.