Theodore QUINTIN, Appellant,

v.

The UNITED STATES, Appellee.

Appeal No. 84–1497.

United States Court of Appeals, Federal Circuit.

Oct. 10, 1984.

Theodore Quintin, pro se.

Francis J. Sailer, Washington, D.C., for appellee.

Before BENNETT, MILLER and SMITH, Circuit Judges.

BENNETT, Circuit Judge.

## ORDER

Appellee has moved to dismiss this appeal on the basis that the U.S. Court of International Trade (CIT) abused its discretion in granting the appellant (pro se) an extension of time for filing a notice of appeal. Rule 4(a)(1) of the Federal Rules of Appellate Procedure (FRAP) is made applicable to CIT appeals by Federal Circuit Rule 10(a) and requires that a notice of appeal must be filed within 60 days after entry of judgment where the United States or an officer or agency thereof is a party. See also 28 U.S.C. § 2107 (1982). Here the judgment was entered on April 3, 1984, but appellant's letter indicating a desire to appeal was received by the CIT on June 6, 1984, plainly late, and rejected. The CIT Clerk, however, promptly provided appellant with helpful and accurate procedural information about applicable rules.

FRAP Rule 4(a)(5) permits a court to extend the time for filing a notice of appeal upon a showing of excusable neglect or good cause provided that the appellant seeks such an extension "not later than 30 days after the expiration of the time prescribed by Rule 4(a)." On June 29, 1984, appellant filed a timely motion under the rule for an extension of time to file an appeal. On July 12, 1984, the CIT issued an order granting the appellant 10 days from the date of the order to file the appeal. FRAP 4(a)(5). He timely filed on July 23, 1984. FRAP 26.

The issue raised by appellee's motion to dismiss this appeal is whether the CIT abused its discretion in granting an extension of time to appeal. The July 12, 1984, order of the court granting the extension does not give us much to go on. It does not mention what good cause is found or what excusable neglect. We can only conclude from the cryptic six-line order that the basis for the extension was the appellant's three arguments, eleven handwritten lines on one page, asserting as near as we can make it out: (1) a failure to be informed of the transcript costs, (2) receipt of notice of the judgment, entered on April 3, 1984, too late to file a timely notice of appeal, and (3) since the government had more than 30 days to file a brief appellant should have equal time.

It is unnecessary to belabor this matter. Close examination of all the papers before us on appeal makes it clear that appellant's unsupported contentions are either irrelevant or grossly contrary to fact. There is absolutely nothing that suggests any good cause or excusable neglect on appellant's part in not filing his notice of appeal in a timely manner in the first place. *See Case v. BASF Wyandotte*, 737 F.2d 1034 (Fed. Cir.1984). On appeal we have had the benefit of the government's view of the facts and the applicable law. Had the CIT permitted appellee to respond to the motion for a time extension it too could have been apprised of these matters. Instead, with-

out making any findings, and with no discussion, it perfunctorily granted a motion for more time, making notice of the appeal almost 50 days late and 111 days after the judgment was entered and served upon the parties. With all due respect, the CIT abused its discretion in this matter and in so doing rendered FRAP 4 a nullity.

IT IS THEREFORE ORDERED that the order of the Court of International Trade granting an extension of time in which to file a notice of appeal is *reversed*, the motion of the appellee to dismiss the appeal is *granted*, and the appeal is *dismissed*.