**PENROD DRILLING COMPANY, Plaintiff,**

v.

**UNITED STATES, Defendant.**

**Court Nos. 87–02–00170, 87–04–00608, 87–10–01022 and 87–11–01073.**

United States Court of International Trade.

May 1, 1990.

Haight, Gardner, Poor and Havens, John W. McConnell, Jr., Washington, D.C., for plaintiff.

Stuart M. Gerson, Asst. Atty. Gen., Washington, D.C., Joseph I. Liebman, New York City, Attorney-in-Charge, Intern. Trade Field Office, Commercial Litigation Branch, Civ. Div., U.S. Dept. of Justice, Barbara M. Epstein, Wantagh, N.Y., for defendant.

## OPINION AND ORDER

TSOUCALAS, Judge:

This case is before the Court on plaintiff's motion to set aside the judgment entered herein on December 13, 1989, and to grant rehearing on the grounds that the Court committed manifest errors of law and that the judgment is contrary to law.[1] Plaintiff also has motioned the Court to extend its time to file an appeal of the judgment of December 13, 1989 to the United States Court of Appeals for the Federal Circuit.

I. *Motion to Set Aside Judgment and to Grant Rehearing*

■ This Court, having received no response to plaintiff's motions to set aside judgment and to grant rehearing from defendant, issued an order on March 2, 1990, granting a rehearing and scheduling oral argument for March 14, 1990. On March 5, 1990, defendant moved to vacate the order and requested the Court grant defendant's consent motion for leave to file an out of time response to plaintiff's motion on the grounds that the defendant was never served with said motion. On March 7, 1990, this Court granted defendant's motion for leave to file a response out of time but denied the motion to set aside oral argument.

On March 13, 1990, defendant filed its response to plaintiff's motion to set aside the judgment and to grant rehearing. In its response, defendant claimed it had no knowledge of plaintiff's motion until it received the Court's order of March 2, 1990. On the same day, plaintiff notified the Court that, after reading defendant's opposition, it was withdrawing its request for oral argument and asked the Court to decide the motion on the papers.

The judgment in this case was entered on December 13, 1989. On January 11, 1990, plaintiff moved the Court to set aside the judgment and to grant a rehearing. The certificate of service attached to the motion papers filed in this Court indicates that a copy was sent by ordinary mail on January 10, 1990 from the office of plaintiff's counsel in Washington, D.C. to the office of the defendant's counsel in New York City. Defendant, in its response, alleges that it did not receive plaintiff's motion within thirty (30) days of the judgment, as required by Rule 59(b) of the Rules of this Court, and thus the Court lacks jurisdiction over the matter.

It is well established that the decision whether to grant or deny a motion for rehearing is within the sound discretion of the court. *Sharp Electronics Corp. v. United States*, 14 CIT ——, ——, 729 F.Supp. 1354, 1355 (1990); *Channel Master, Div. of Avnet, Inc. v. United States*, 11 CIT 876, 877, 674 F.Supp. 872, 873 (1987). Furthermore, Rule 59(a) of the Rules of this Court provides that a rehearing may be granted "for any of the reasons for which rehearings have heretofore been

---

**1.** Plaintiff's motions pertain to that part of the judgment concerning the remission or refund of duties assessed by the United States Customs Service for repairs completed on four of plaintiff's vessels. *Penrod Drilling Co. v. United States*, 13 CIT ——, 727 F.Supp. 1463 (1989). The Court therein granted defendant's motion to dismiss for lack of jurisdiction.

granted in suits in equity in the courts of the United States." *See also St. Regis Paper Co. v. United States*, 13 CIT ——, Slip Op. 89–166, 1989 WL 154287 (Dec. 11, 1989).

However, before the Court may consider the sufficiency of the reasons submitted by plaintiff, jurisdiction for the action must exist. Rule 59(b) of the Rules of this Court reads as follows:

> (b) TIME FOR MOTION.
>
> A motion for a new trial or rehearing shall be *served and filed* not later than 30 days after the entry of judgment or order.

(Emphasis added). Defendant claims it was not served with the motion within thirty days after the judgment was issued on December 13, 1989. *Defendant's Response to Plaintiff's Motion to Set Aside Judgment and Grant Rehearing* ("Defendant's Response") at 4. For plaintiff's motion to have been served timely, it must have been served by January 12, 1990, that is, thirty days from the date that judgment was entered by this Court.

Rule 5(g) of the Rules of this Court states that service of a pleading or paper by mail

> is completed when *received*, except that a pleading or other paper mailed by registered or certified mail properly addressed to the party to be served ... with the proper postage affixed and return receipt requested, shall be deemed served ... as of the date of mailing.

(Emphasis added). This rule was reaffirmed in *Belfont Sales Corp. v. United States*, 12 CIT ——, 698 F.Supp. 916 (1988), *aff'd*, 878 F.2d 1413 (Fed.Cir. (T) 1989), where the court held that service of a motion for a rehearing must be *received* by the opposing party within thirty days of judgment when service is made by ordinary mail, otherwise the court lacks jurisdiction. *Id.* at ——, 698 F.Supp. at 919. There, the court wrote that, unlike the Federal Rules of Civil Procedure, which state that "[s]ervice by mail is complete upon mailing," the rule in the Court of International Trade is that service by mail is not complete until receipt by the party to be served, unless certified or registered mail is used. *Id.* at ——, 698 F.Supp. at 919; *see also* Fed.R.Civ.P. 5(b).

In the present action, plaintiff's certificate of service indicates that a copy of the motion for rehearing was sent by ordinary mail on January 10, 1990 from Washington, D.C. to New York City. Defendant attests that it did not receive service by January 12, 1990, and indeed, as of March 13th, the motion still had not been received by defendant's office. *Defendant's Response* at 4. Defendant's office log of incoming mail supports this assertion. *Defendant's Exhibit A.* Moreover, it is not reasonable to believe that papers mailed via ordinary mail from Washington on January 10th would be received in New York by January 12th.[2] Plaintiff should have allowed more time for delivery, or used registered or certified mail.

Accordingly, plaintiff's motion to set aside judgment and to grant rehearing is denied on the basis that the Court lacks jurisdiction insofar as defendant was not served within thirty days of judgment, as required by the Rules of this Court.

## II. *Motion to Extend Time for Appeal*

◼ Plaintiff filed a motion to extend its time to file an appeal of the original judgment on March 12, 1990, pursuant to Rule 4(a)(5) of the Federal Rules of Appellate Procedure ("Fed.R.App.P.").[3] Plaintiff acknowledges that it did not file its appeal within the required sixty (60) days from

---

**2.** The evidence shows that plaintiff also mailed, by ordinary mail, a change of address form to defendant's office labeled "Praecipe" on the same date as the motion for a rehearing. *Defendant's Exhibit B.* Defendant's log for incoming mail shows that the Praecipe was not received until January 18, 1990. *Defendant's Exhibit C.* Thus, it appears that, even if the mo-

tion had been received by defendant, it likely would not have been received by January 12th.

**3.** Rule 4(a)(5) of the Federal Rules of Appellate Procedure is applicable to appeals from judgments of the Court of International Trade to the Court of Appeals for the Federal Circuit. *See Quintin v. United States*, 746 F.2d 1452, 1453 (Fed.Cir. (T) 1984).

judgment, that is, February 12, 1990.[4] However, plaintiff claims that it is entitled to an extension because of "excusable neglect or good cause" since plaintiff's attorney did not learn of the fact that defendant did not receive plaintiff's initial motions until after the sixty day deadline had expired. *Plaintiff's Motion to Extend Time for Appeal.*

Plaintiff's motion is based on its argument that since the copy of its motion to set aside judgment and grant rehearing apparently was lost in the mail, it should not be held responsible for its failure to file notice of appeal within sixty days. Penrod argues that it "assumed" the initial motion had been timely served upon defendant and thus that the time to appeal was tolled until that motion was acted on. *Plaintiff's Motion to Extend Time for Appeal.*

Rule 4(a)(1) of the Fed.R.App.P. requires that a notice of appeal against a judgment where the United States is a party must be filed within sixty (60) days after entry of judgment. In this case, plaintiff's motion to extend time for appeal was filed on March 12, 1990; the deadline for filing was February 12, 1990. Therefore, plaintiff's motion was filed more than sixty days after judgment.

However, Rule 4(a)(1) is subject to an exception for delays in filing due to "excusable neglect or good cause." Fed.R.App.P. 4(a)(5).[5] Hence, if Penrod can make a clear showing of either, it is entitled to an extension of time to appeal.[6] Plaintiff's argument is that the delay in mail delivery is what caused its motion to be filed after the sixty day period expired and that this constitutes "excusable neglect or good cause." *Plaintiff's Motion to Extend Time for Appeal.*

There have been many cases in the federal courts addressing the issue of late filing due to slow mail delivery. In *Seneca Grape Juice Corp. v. United States*, 61 CCPA 118, 492 F.2d 1235 (1974), our appellate court held that a notice of appeal which was one day late due to unusually slow mail delivery between New York and Washington, D.C. was untimely and had to be dismissed. *Id.* at 118, 492 F.2d at 1235. In *Reinsurance Co. of America, Inc. v. Administratia Asigurarilor de Stat*, 808 F.2d 1249 (7th Cir.1987), the court held that appellant was not entitled to an extension where it mailed notice of appeal from New York on December 24th expecting it to arrive in Chicago three days later. The court stated that delays in mail delivery, particularly during holiday seasons, are reasonably foreseeable and " 'good cause' is not furnished by blaming the postal service for [appellant's] inexplicable lack of foresight." *Id.* at 1253.[7]

Defendant acknowledges that extensions have been granted where "notice is mailed in time so that in normal course it will arrive in time, but it does not." *Defendant's Response to Plaintiff's Motion to Extend Time to Appeal* at 9, (citing 9 Moore's Federal Practice § 204.13 at 4–105, n. 18). As stated above, however, the Court finds that two days is not sufficient time for mail sent by ordinary mail from Washington, D.C. to arrive in New York City. When plaintiff used ordinary mail, it ran a very substantial risk, indeed it was a virtual certainty that the notice would not arrive in time. Such a foreseeable result cannot be labeled either excusable neglect or good cause.

---

4. Though the sixtieth day from judgment was February 11, Fed.R.App.P. 26(a) allows an extension until February 12 because the 11th was a Sunday.

5. The extension must be sought no later than thirty (30) days after the sixty (60) day period for notice of appeal has expired. Fed.R.App.P. 4(a)(5). That requirement has been satisfied in this case.

6. Where, as in this case, the motion to extend time for appeal is filed after the time for filing

has expired, the showing of excusable neglect or good cause must be "clear." *United States v. Atkinson*, 748 F.2d 659, 661 (Fed.Cir. (T) 1984). This is a higher standard than a mere showing of either.

7. Good cause was shown in *Scarpa v. Murphy*, 782 F.2d 300 (1st Cir.1986), where the post office took seven days to deliver a notice of appeal just three miles. The significant factual differences render that rationale inapplicable here.

Plaintiff attempts to distinguish between *slow* mail delivery and *no* mail delivery, claiming that the fact that the papers apparently were neither delivered to defendant nor returned to plaintiff is evidence of postal negligence for which plaintiff is not responsible. *Plaintiff's Reply to Defendant's Response to Plaintiff's Motion to Extend the Time for Appeal.* Penrod asserts that the apparent failure of the Post Office to deliver plaintiff's motion at all was an unforeseeable event which constitutes excusable neglect or good cause. *Id.* at 7. The distinction is not a valid one since even a relatively short and more foreseeable delay in delivery would have produced the same result, namely plaintiff's failure to serve defendant within the statutory time limit.

Plaintiff had a responsibility to know that papers sent by ordinary mail are not deemed served until received, and thus should have allowed more time for delivery or used certified or registered mail. Furthermore, plaintiff could have ascertained whether defendant received a copy of the motion, especially when it realized that defendant had not served a response in time. Though plaintiff is under no obligation to do so, it would have been a prudent gesture given the mode of service chosen by plaintiff. It cannot now seek a reprieve because of delays or faults in postal delivery service.

As for plaintiff's claim that the filing of the motion to set aside judgment and to grant rehearing tolled the sixty day period for filing notice of appeal, tolling is available only where the first motion is timely served. *Windsor v. United States*, 740 F.2d 6, 7 (6th Cir.1984); *In re Todd Corp.*, 662 F.2d 339, 340 (5th Cir.1981). Here, the motion to set aside judgment and to grant rehearing was not timely served on defendant and therefore did not operate to toll the period within which to file notice of appeal.

### Conclusion

Plaintiff's motion to set aside this Court's judgment of December 13, 1989 and to grant a rehearing is dismissed for lack of jurisdiction inasmuch as the motion was not timely served on defendant.

Plaintiff's motion to extend time for appeal is dismissed because it was filed more than sixty days after entry of judgment by this Court, and plaintiff has not made a clear showing of excusable neglect or good cause pursuant to Fed.R.App.P. 4(a)(5).