**PENROD DRILLING COMPANY,**
**Plaintiff–Appellant,**

v.

**The UNITED STATES,**
**Defendant–Appellee.**

**No. 90–1414.**

United States Court of Appeals,
Federal Circuit.

Feb. 7, 1991.

John W. McConnell, Jr., Haight, Gardner, Poor & Havens, Washington, D.C., argued for plaintiff-appellant.

Barbara M. Epstein, Commercial Litigation Branch, Dept. of Justice, New York City, argued for defendant-appellee. With her on the brief were Stuart M. Gerson, Asst. Atty. Gen., David M. Cohen, Director and Joseph I. Liebman, Atty. in Charge, International Trade Field Office.

Before MARKEY, Circuit Judge, FRIEDMAN, Senior Circuit Judge, and NEWMAN, Circuit Judge.

FRIEDMAN, Senior Circuit Judge.

The sole question in this appeal is whether the Court of International Trade improperly denied a motion retroactively to extend the time for appeal. We affirm.

I

On December 13, 1989, the Court of International Trade entered judgment dismissing four cases the appellant Penrod Drilling Company (Penrod) had filed to challenge certain rulings of the Customs Service. Under Rule 4(a)(1) of the Federal Rules of Appellate Procedure, made applicable to the Court of International Trade by 28 U.S.C. § 2645(c) (1988), Penrod's time for filing a notice of appeal from that judgment expired 60 days therefrom, on February 12, 1990. If, however, Penrod filed a timely motion to set aside the judgment and to grant rehearing, its time for appeal would run from the disposition of the motion. Fed.R.App.P. 4(a)(4).

Rule 59(b) of the Rules of the Court of International Trade provides that a motion for a new trial or for rehearing "shall be served and filed" within 30 days of the entry of judgment. Such a motion by Penrod was therefore required to be served and filed by January 12, 1990.

Rule 5(g) of the Rules of the Court of International Trade provides that service of a pleading or paper by mail

is completed when received, except that a pleading or other paper mailed by registered or certified mail properly addressed to the party to be served ... with the proper postage affixed and return receipt requested, shall be deemed served ... as of the date of mailing.

In *Belfont Sales Corp. v. United States,* 698 F.Supp. 916 (Ct. Int'l Trade 1988), *aff'd on other grounds,* 878 F.2d 1413 (Fed.Cir. 1989), the court held that unless a motion for rehearing is received by the opposing party within thirty days of judgment when service is made by ordinary mail, the court lacks jurisdiction. 698 F.Supp. at 919. The court noted that, unlike the Federal Rules of Civil Procedure, which state that "[s]ervice by mail is complete upon mailing," the rule in the Court of International Trade is that service by mail is not complete until receipt by the party to be served, unless certified or registered mail is used. *Id.*

On January 11, 1990, Penrod filed with the Court of International Trade a motion to set aside the December 13, 1989 judgment and to grant rehearing (motion to rehear). Penrod served the motion on the government by mailing a copy thereof through ordinary mail on January 10, 1990, from Washington, D.C., to government counsel in New York City. Government counsel did not receive the motion, and first learned of it on March 2, 1990. Since Penrod's motion was not timely served, its filing was not timely and therefore did not extend Penrod's time for appeal.

On March 12, 1990, Penrod filed a motion to extend the time for appeal (which had expired on February 12, 1990) until ten days after the motion was granted. It acted pursuant to Rule 4(a)(5) of the Federal Rules of Appellate Procedure, which permits a district court, "upon a showing of excusable neglect or good cause," to extend the time for filing a notice of appeal. Penrod stated that its failure to file a timely notice of appeal was due to excusable neglect or good cause, based on an affidavit by its counsel that since "the copy of plaintiff's motion mailed to defendant's attorney was contained in an envelope which had the return address of this firm on it, the mailed notice has not been returned to plaintiff's attorney. Therefore, plaintiff's attorney had no knowledge that the copy of the motion had not been received by defendant's attorney until the call from her on March 2, 1990."

The Court of International Trade denied both the motion to rehear and the motion to extend the time for appeal. The court first held that it lacked jurisdiction over the motion to rehear because the government "was not served within thirty days of judgment, as required by the Rules of this Court." *Penrod Drilling Co. v. United States*, 740 F.Supp. 858, 860 (Ct. Int'l Trade 1990).

In declining to extend the time for appeal, the court found that

> two days is not sufficient time for mail sent by ordinary mail from Washington, D.C. to arrive in New York City. When plaintiff used ordinary mail, it ran a very substantial risk, indeed it was a virtual certainty that the notice would not arrive in time. Such a foreseeable result cannot be labeled either excusable neglect or good cause.

*Id.* at 861.

The court rejected Penrod's attempted distinction "between *slow* mail delivery and *no* mail delivery, claiming that the fact that the papers apparently were neither delivered to defendant nor returned to plaintiff is evidence of postal negligence for which plaintiff is not responsible" (emphasis in original). It stated:

> The distinction is not a valid one since even a relatively short and more foreseeable delay in delivery would have produced the same result, namely plaintiff's failure to serve defendant within the statutory time limit.
>
> Plaintiff had a responsibility to know that papers sent by ordinary mail are not deemed served until received, and thus should have allowed more time for delivery or used certified or registered mail. Furthermore, plaintiff could have ascertained whether defendant received a copy of the motion, especially when it realized that defendant had not served a response in time. Though plaintiff is under no obligation to do so, it would have been a prudent gesture given the mode of service chosen by plaintiff. It cannot now

seek a reprieve because of delays or faults in postal delivery service.

*Id.* at 862.

## II

As Penrod recognizes, "[t]he grant or denial of a motion to extend time for filing a notice of appeal is discretionary with the court and the standard of review is whether the trial court abused its discretion." *See United States v. Atkinson*, 748 F.2d 659, 660 (Fed.Cir.1984); *Quintin v. United States*, 746 F.2d 1452, 1453 (Fed. Cir.1984). In the present case, the Court of International Trade found that the explanation Penrod gave for its failure to file a timely notice of appeal did not establish that the delay resulted from "excusable neglect or good cause," and that an extension of time for filing the appeal therefore was unwarranted. We cannot say that the Court of International Trade abused its discretion in so concluding.

Penrod's predicament was the result of its own misfeasance and negligence. By electing to serve the motion to rehear upon the government by ordinary mail, Penrod assumed the risk that the motion would not be timely received. Mail deliveries by the Postal Service not infrequently are delayed, and it is not unheard of that dispatched mail is not delivered at all. Moreover, as the Court of International Trade pointed out, "it is not reasonable to believe that papers mailed via ordinary mail from Washington on January 10th would be received in New York by January 12th." *Penrod Drilling Co.*, 740 F.Supp. at 860 (footnote omitted).

Penrod could have avoided all of its problems had it served the motion not by ordinary mail but by certified or registered mail (with return receipt requested), which under the Court of International Trade's rules would have made the date of mailing the date of service. Moreover, Penrod personally filed the motion with the Court of International Trade. The person who made that filing easily also could have served government counsel, whose office, the government informs us, is not only in the same building as the court but also on the

same floor as the clerk's office, where the filing was made.

Finally, ordinary prudence should have led Penrod to recognize that its service of the motion upon the government might have gone astray when it received no response to the motion for two or three weeks. If, when the government's time for answering the motion (10 days) had expired, Penrod had called government counsel to ascertain whether the lack of an answer indicated that the government would not oppose (which Penrod presumably would have thought unlikely), it would have discovered that the government had not received the motion. Although it would then have been too late for Penrod to have filed a new motion to rehear, Penrod still could have filed a timely notice of appeal by the deadline of February 12, 1990.

Penrod's principal contention is that although it may or should have been aware that the Postal Service sometimes delivers the mail late, it cannot be faulted for not anticipating the possibility that the Postal Service would not deliver the particular mailing at all. This distinction is not sufficient to turn Penrod's default into excusable neglect or establish good cause for its failure to file a timely notice of appeal. As we have pointed out, such nondelivery of mail is not unheard of. Moreover, the reasons we have set forth for concluding that the Court of International Trade did not abuse its discretion in refusing to extend Penrod's time for appeal are no less applicable because the failure to serve the motion upon the government resulted from the Postal Service's failure to deliver the motion rather than delay in delivering it.

## CONCLUSION

The order of the Court of International Trade denying Penrod's motion to extend the time for filing a notice of appeal is

AFFIRMED.