951 F.2d 1267
 NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
David L. HOWARD, Plaintiff-Appellant,
v.
The UNITED STATES, Defendant-Appellee.
 No. 91-5111.
 United States Court of Appeals, Federal Circuit.
 Dec. 16, 1991.
Suggestion for Rehearing In Banc Declined
Feb. 20, 1992.
 
 Before RICH, PAULINE NEWMAN and MAYER, Circuit Judges.
 DECISION
 PER CURIAM.
 
 
 1
 David L. Howard appeals the decision of the United States Claims Court denying his motion for extension of time to file a notice of appeal.[1] We affirm.
 
 DISCUSSION
 
 2
 Final judgment dismissing Mr. Howard's complaint was entered by the Claims Court on October 30, 1990. In accordance with Fed.R.App.P. 4(a)(1) Mr. Howard had sixty days in which to file a notice of appeal with the Clerk of the Claims Court. That period expired on Monday, December 31, 1990. Mr. Howard's notice of appeal was received by the Clerk of the Claims Court on January 2, 1991, and was returned as untimely filed. Mr. Howard then moved for an extension of time in which to file an appeal, arguing that extension was warranted because he had relied on the representation of employees of the United States Postal Service that the normal mailing time from Gary, Indiana to Washington, D.C. is three days. Mr. Howard stated that he waited to mail the notice of appeal until December 26 in order to avoid the holiday rush, expecting it to reach the Claims Court no later than December 31.
 
 
 3
 The Claims Court denied the motion, holding that Mr. Howard had not demonstrated excusable neglect as required by Fed.R.App.P. 4(a)(5). The court found that Mr. Howard did not act reasonably in mailing the notice of appeal later in the busy holiday mailing season rather than earlier, and that the circumstances were not "unique and extraordinary". Howard, 22 Cl.Ct. at 631.
 
 
 4
 Grant or denial of a motion to extend the time for filing the notice of appeal is within the sound discretion of the trial court. Penrod Drilling Co. v. United States, 925 F.2d 406, 408 (Fed.Cir.1991). The court in Penrod held that when a filing is made by ordinary mail, the risk of delay or non-delivery is on the filing party. Mr. Howard argues that the Claims Court improperly applied Penrod to construct a per se rule that delay in mail delivery can never constitute excusable neglect. However, the Claims Court simply observed that delays in postal delivery beyond an "ordinary" three days are notorious, especially during December. For delay in delivery of the notice of appeal to constitute excusable neglect, most courts have required that "the delay must be unpredictable." 9 Moore's Federal Practice and Procedure, p 204.13[1.-3] at 4-105 n. 18 (Rev. March, 1989). We conclude that on the facts of this case the Claims Court did not abuse its discretion in denying the requested extension of time.
 
 
 
 [1]
 Howard v. United States, 22 Cl.Ct. 630 (1991)