972 F.2d 1355
 NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
IN-TECH MARKETING, INC.; Global Guaranty Distribution,
S.A.; Raphael J.J. Van Der Cleyen; and Wilfried
F. Ribbens, Plaintiffs-Appellants,
and
Scott M. Shaw and Gerard S. Roos, Counterclaim-Defendants/Appellants,
and
John L. Blankensee, a/k/a Joseph L. Blankensee, Counterclaim-Defendant,
v.
HASBRO, INC.; Milton Bradley Co.; Alvin Bojar; and Alvin
Bojar and Associates, Defendants-Appellees,
and
Les Usines Fabelty Societe Anonyme; Simone Tyriard;
Handelsonder-Neming Elson, B.V.; Elson, N.V.;
Elson International Trading, B.V.;
A.W.A.J. Van Den Elshout; and
W.A.M. Van Der Lee,
Defendants.
 No. 91-1218.
 United States Court of Appeals, Federal Circuit.
 June 23, 1992.
 
 Before ARCHER, PLAGER and RADER, Circuit Judges.
 DECISION
 RADER, Circuit Judge.
 
 
 1
 In-Tech Marketing, Inc.; Global Guaranty Distribution, S.A.; Raphael J.J. Van Der Cleyen; and Wilfried F. Ribbens, Scott M. Shaw and Gerard S. Roos (In-Tech) appeal an order of the United States District Court for the District of New Jersey denying their motion for leave to amend their notice of appeal. We affirm.
 
 DISCUSSION
 
 2
 In-Tech filed a timely notice of appeal from an adverse judgment of the district court on December 3, 1990, the last day of the 30-day period permitted by Fed.R.App.P. 4(a)(1). However, the notice of appeal was ambiguous and did not name all of the parties that intended to appeal. In-Tech moved for leave to amend its notice of appeal on December 31. The district court treated In-Tech's motion for leave to amend as a motion to extend the time for filing its notice of appeal under Fed.R.App.P. 4(a)(5).[1]
 
 
 3
 In-Tech states that, due to an error by the clerk of the district court, it did not learn of the entry of final judgment until late on the thirtieth day after final judgment[2] and that the press of time led to a hastily filed notice of appeal. The district court, however, rejected In-Tech's argument and found that it was not the haste in which the notice of appeal was filed that led to the incomplete notice but rather In-Tech's ignorance of Fed.R.App.P. 3(c) and the Torres decision. The district court concluded:
 
 
 4
 If counsel had discovered the incompleteness of the notice on his own after filing it, the Court would have reason to believe that counsel knew it was incomplete. However, counsel first learned of its incompleteness upon receiving the letter form (sic) the Third Circuit, which was dated December 14, 1990.[3]
 
 
 5
 The district court then denied In-Tech's motion, reasoning that mistake of counsel is not ordinarily recognized as excusable neglect within the meaning of 4(a)(5).[4]
 
 
 6
 The grant or denial of a motion to extend the time for filing a notice of appeal lies within the sound discretion of the trial court. Penrod Drilling Co. v. United States, 925 F.2d 406, 408 (Fed.Cir.1991). In Penrod, the court held that "misfeasance and negligence" did not establish excusable neglect in failing to file a timely notice of appeal. Id. Here, the district court found that "the reason for the possible incompleteness of the original notice of appeal was counsel's ignorance of the law, specifically, of Appellate Rule 3(c) and Torres." District Court Opinion at 3. We cannot say that the district court's findings of fact are clearly erroneous. Fed.R.Civ.P. 52(a). On December 14, 1990, the clerk of the Third Circuit sent a letter to In-Tech's counsel informing him that the December 3 notice of appeal appeared to be defective under Fed.R.App.P. 3(c) and the Torres decision. We agree with the district court that the only reason In-Tech sought to amend the notice of appeal was because the Third Circuit raised the issue.
 
 
 7
 In-Tech argues that the district court erred in not applying Third Circuit law. However, in practical terms it makes no difference here whether we apply Third Circuit law or our own as the outcome is the same. Penrod Drilling Co. v. United States, 925 F.2d 406 (Fed.Cir.1991); Consolidated Freightways Corp. of Del. v. Larson, 827 F.2d 916 (3d Cir.1987), cert. denied, 484 U.S. 1032 (1988).
 
 
 8
 The standard of review in appeals involving the district court's denial of a requested extension under Rule 4(a)(5) is limited to an abuse of discretion standard of review. Penrod Drilling Co. v. United States, 925 F.2d 406 (Fed.Cir.1991); Consolidated Freightways, 827 F.2d at 918. The district court did not abuse its discretion in denying In-Tech's Rule 4(a)(5) motion and we, therefore, must affirm.
 
 
 
 [1]
 An amendment of a notice of appeal is permitted only to "cure a misdescription or a technical deficiency." Durango Associates, Inc. v. Reflange, Inc., 912 F.2d 1423, 1425 (Fed.Cir.1990). In-Tech's failure to name a party in a notice of appeal, however, is more than a mere technical defect, "it constitutes a failure of that party to appeal." Torres v. Oakland Scavenger Co., 487 U.S. 312, 314 (1988). Thus, the district court properly treated the matter under Rule 4(a)(5) as do the parties
 
 
 [2]
 Hasbro Inc., et al. (Hasbro) state that the reason In-Tech did not learn of the judgment was that new local counsel had not entered an appearance after previous local counsel had withdrawn in January 1990. However, the district court did not discuss this aspect of the case
 
 
 [3]
 The notice of appeal was initially transmitted by the district court to the Third Circuit. After sua sponte raising the issue of whether the notice sufficiently identified the appellants, the appeal was transferred to the Federal Circuit
 
 
 [4]
 In-Tech filed this appeal, No. 91-1218, from the denial of its application. Proceedings in No. 91-1142 were stayed pending disposition of this appeal