COAST GRADING COMPANY, INC., Plaintiff,

v.

The UNITED STATES, Defendant.

No. 95–131C.

United States Court of Federal Claims.

Feb. 9, 1998.

### Corrective Order

WEINSTEIN, Judge.

Because the deficiencies relied upon by the clerk in returning, and refusing to file and enter plaintiff/appellant Coast Grading Company, Inc.'s notice of appeal received on December 29, 1997, provide inadequate grounds for doing so, the court, *sua sponte,* orders the clerk to correct the record by filing and entering the notice of appeal *nunc pro tunc* as of when the filing fee was paid, on December 30, 1997.[1] This court is authorized to correct actions of the clerk, under Rules of the United States Court of Federal Claims (RCFC) 77(i) (in pertinent part):

> " * * * All motions and applications in the clerk's office for … and for other proceedings which do not require allowance or order of the court are grantable of course by the clerk; but the clerk's action may be suspended or altered or rescinded by the court upon cause shown."

Therefore, the court need not reach the question of whether excusable neglect or good cause warrant extending the time for filing the notice. *See* Fed.R.App.P. 4(a)(5) (granting trial court authority to extend the time for filing an appeal based on excusable neglect or good cause).

---

1. Filing fees, including those for filing a notice of appeal, are "payable in advance" of filing. *See* RCFC 77(k)(1).

## Facts

■ On December 29, 1997, the United States Court of Federal Claims clerk's office received seven originals of a notice of appeal by plaintiff/appellant Coast Grading Company, Inc. ("Coast"). The certificate of service was dated December 27, 1997.

The notice of appeal suffered from several deficiencies: it was signed by new counsel, who consequently was not the attorney of record; counsel was not a member of the bar of this court; it noticed appeal to the Ninth, rather than the Federal, Circuit;[2] and no filing fee was included. The cover letter to the clerk asked, "please advise re local rules and filing fees."

According to the clerk's office, plaintiff/appellant's counsel was notified by telephone on December 29 (in person) and December 31, 1997 (by leaving a message) of at least some of these deficiencies and was given until January 5, 1998 to correct them.[3] Because the clerk's office keeps no formal (or other) record of such discussions or messages, it cannot be certain exactly what transpired. It is the recollection of the clerk's office employee in charge of filing notices of appeal, however, that plaintiff/appellant was told to make certain corrections but was not told that the notice of appeal had not been filed (or entered), and would not be filed (or entered), until all of the deficiencies were corrected. A notation, dated December 31, on the cover page of the original copy of the notice of the appeal, apparently in the hand of this employee, stated:

"Called 12/31/97 and left message. RE:
(1) NOT attorney of record.

(2) Appeal to 9th Cir. Not CFC.

(3) NOT member of this court Bar."

This notation does not set out the deadline given, if any, nor indicate that the notice of appeal would not be filed until these problems were corrected. The notice of appeal allegedly was returned to plaintiff/appellant on January 8, 1998.

On December 29, 1997, the day of the first telephone call, counsel wrote to the clerk's office employee with whom she had spoken, advising that she had been retained on December 24, 1997, and that she had "been led to believe by my client that former counsel ... was forwarding a Substitution [of Attorney] to my office for execution," but that previous counsel subsequently advised her that he had not yet prepared one (despite being advised by the client of the substitution on or about December 19, 1997). An attached copy of a letter from the client to previous counsel, dated December 19, 1997, advised that the client had "turned over to the Law Offices of [new counsel] all of the authority needed to represent my firm" and authorized previous counsel "to turn over any documents to such new counsel." The December 29 letter also appended a "Substitution of Attorney" form accepting the substitution, and signed by new counsel on December 29, 1997. This letter was postmarked January 3, 1998 and received by the clerk's office on January 6, 1998.

On January 6, 1998, counsel executed (and filed a certificate of service for) an application for an enlargement of time to designate the record on appeal pursuant to Fed.

---

**2.** Although the name of the circuit to which the notice of appeal was to be taken was incorrect, this is not a deficiency that bars filing under the rules of this court. While the appellate rules of procedure require naming of the appellate court, Fed.R.App.P. 3(c), they do not call for rejecting the filing of the notice of appeal for such failure (and the same rule states that an appeal "will not be dismissed for informality of form or title or for failure to name a party whose intent to appeal is otherwise clear"). See also, Fed.R.App.P. 25(a)(4) (clerk shall not reject paper for filing solely because it is not presented in proper form). Also, Fed.R.App.P. 3(a) states that "failure of other than the timely filing of a notice of appeal does not affect the validity of the appeal."

In any event, this error could easily have been corrected by notation of the clerk at the time of the Fed.R.App.P. 3(d) referral to the Federal Circuit.

**3.** Notice of appeal is due 60 days from the date of entry of the court's order and opinion, which did not occur until November 4, 1997. Therefore, the notice would have been due on or before January 3, 1998, see Fed.R.App.P. 4(a)(1); *Argent v. United States*, 124 F.3d 1277 (Fed.Cir. 1996) (notice of appeal due 60 days from date of entry), except that January 3, 1998 fell on a Saturday. Therefore, the notice of appeal was not due until the next business day, Monday, January 5, 1998. RCFC 6(a).

R.App.P. 10, from January 8, 1998,[4] until February 25, 1998. The application for an enlargement was filed on January 9, 1998. Its application stated that the notice of appeal was filed on December 29, 1997, that the attorney had "not received copies of the pleadings, discovery, exhibits, and all other documents relative to this matter from the prior attorney of record," and that she had "proceeded with due diligence in attempting to obtain the relevant documents."

No notice was given to this judge of the supposed deficiencies in the notice of appeal, of any communication with counsel regarding such deficiencies, of the supposed deadline for correction set by the clerk's office employee (by telephone), or of the return of the notice unfiled, until January 13, 1998, when the court received a deficiency memorandum dated January 9, 1998, accompanying plaintiff/appellant's application for an enlargement of time to designate the record on appeal. On the same day, January 13, 1998, this judge requested to see the original notice of appeal, but was informed that all the original copies had been returned to new counsel, that no copy had been retained by the clerk's office and, indeed, that copies of returned materials were never retained. The court then requested the clerk's office to ask counsel to return the earlier (attempted) filings. Under cover of letter dated January 15, 1998, the materials were returned.

No copy of the notice of appeal and docket entries were ever sent to the court of appeals as provided by Fed.R.App.P. 3(a)(d), or docketed by that court.

### Discussion

The only deficiencies clearly warranting non-filing under the court's published rules are the failure to pay the fee, RCFC 77(k), and the deficiencies listed in RCFC 82(a), providing (in pertinent part) that the clerk shall refuse to file (only): "any paper which is not in substantial conformity with [rules as to methods of duplication, form, size, and number of copies] or not in clear type." The clerk did not invoke RCFC 82(a), nor does it appear to be applicable to this case.

The purported deficiencies cited by the clerk in failing to file the notice of appeal, were supposed violations of RCFC 11, 81(a), and 81(d)(4).

There is no written guidance within the clerk's office governing filing determinations, according to the clerk's office employee charged with deciding whether to file notices of appeal. Although certain purported internal filing guidelines were laid out in a memorandum from the clerk to the court and titled "Procedures for Reviewing Incoming Filing" dated December 17, 1996 ("Filing Guidelines"), these apparently were never given to the employee who refused to file the notice of appeal. In any event, these guidelines clearly do not require nonfiling under the circumstances.

RCFC 11, which requires pleadings to be signed by the attorney of record, does not expressly indicate that a filing signed in violation of that rule is to be returned without filing. Rather, the rule implicitly contemplates that a paper that is not signed in accordance with the rule shall *not* be stricken, *e.g.*, if it is "signed promptly after the omission is called to the attention of the pleader." *Id.* "Promptly" is not defined. (It is also unclear whether, when, or in what form this omission was called to the attention of plaintiff/appellant's new attorney.)

Under RCFC 81(d)(4) ("Changes [to attorney of record] by Parties Other than the United States"), a party other than the United States may change counsel at any time by leave of the court on motion. The motion may be signed either by the party or the newly designated attorney. *Id.* A motion for substitution "may be signed by the newly-designated attorney accompanied by an affidavit of appointment executed by such attorney." *Id.* Thus, counsel's affidavit of appointment alone satisfies the requirements for a motion. If the consent of the previous

---

4. *Counsel erroneously concluded that the 10-day period provided by Fed. R.App. P. 10 had expired January 8, 1998, based, apparently, on the assumption that the notice of appeal had been filed and entered on December 29, 1997. Since* the fee was not paid (and therefore the notice of appeal could not have been accepted for filing) until December 30, 1997, *see* RCFC 77(k)(1), the period did not expire until January 9, 1998.

attorney is shown, "substitution shall be accomplished by an appropriate entry on the docket by the clerk." *Id.* If it is not, the current attorney is to be given 14 days to show cause why the motion to change counsel should not be granted. *Id.* RCFC 81(d)(4) does not expressly provide that a pleading may not be filed by the newly-designated attorney until expiration of the 14-day show-cause period or until the motion is resolved, and appears to imply the contrary.

As to membership in the bar, RCFC 81(a) provides that "only attorneys who are members of the bar of this court ... may enter an appearance, file pleadings, and practice in this court." However, there are various expedited means for admission to practice. For example, any member of a state bar on the Supreme Court bar may be admitted by oral motion or by verified application under RCFC 81(b)(2) or (3). Foreign attorneys may be specially admitted for a particular case, on written motion by a member of the bar. RCFC 81(b)(5). *See also* RCFC 4(d) (permitting filing in chambers if so *permitted by judge*).

Nor is it the usual policy of the clerk's office to refuse to file a document based on non-admission to practice. For example, under paragraph 2 of the Filing Guidelines, there are two stated grounds for rejecting a new complaint (lack of a filing fee, or a signing attorney who is not a member of the court's bar). Nevertheless, the Filing Guidelines also state that, where such papers are received from counsel outside Washington: "a member of [the clerk's] staff will telephone the attorney, explain the problem and request that counsel take steps to correct these deficiencies. [We] then wait a reasonable period of time and, if no further action is taken, we will return the materials to counsel." "Reasonable" is not defined. The Filing Guidelines also state (emphasis added) that if "a filing deadline is about to expire, the clerk's office *will mark the papers filed* and continue to communicate with counsel to attempt to resolve the problem. In the rare instance that this is not successful, we will forward the papers to a judge for directions as to how to proceed, including the possible issuance of an order to show cause." Thus,

the Filing Guidelines for new complaints contemplate that the clerk *will file* a complaint that has deficiencies of the type noted in this case without a judge's prior approval.

As to "subsequent filings" (filings after the complaint) with problems, the Filing Guidelines similarly provide: "If filings are received from counsel outside Washington, we communicate with counsel by telephone to get the problem corrected. If we are not successful, we memo problem filings up to the judge." (The latter was not done before the papers in this case were returned unfiled on January 8, 1998.) Under the Filing Guidelines, only the following deficiencies (none of which are stated as providing grounds for refusing to file a pleading, and none of which did—or even were alleged—to exist in this case) are considered problems:

1. [Lack of] *affidavit of service* on opposing counsel. RCFC 5(e).

2. [*Late pleading*]. ("If the pleading is submitted beyond a deadline set in the rules or set by an order of the judge, we will tell counsel that he or she will have to file a motion for leave to file a late pleading. RCFC 83.2.")

3. [*No permanent binding*]. (Where we can, we will attempt to use our own heavy stapler to fasten them. RCFC 82(c)).

4. *No original pleading or affidavit.* (If counsel submits only copies without an original, we will memo the material up to the judge. RCFC 83. We only attempt to obtain an original if the judge directs us to take such action.)

5. *[Unattached] papers in support of a motion, objection, or response.* RCFC 7(b)(1) ***

6. *Pleadings in a summary judgment application missing or bound to motion or response.* (RCFC 56(d)(1), (2)) ***

7. *[Missing] pleadings in a review of a decision on the basis of the administrative record.* *** (RCFC 56.1(b))

8. *Contents of briefs.* (table of contents or index and a table of citations). *** (RCFC 83.1(a)(1))

9. *[Table of contents of an appendix in wrong place].* \*\*\* (RCFC 83.1(a)(1)(G))

10. *[Brief over the page limits]* (RCFC 83.1(b))

11. *Affidavits not as a part of a specific pleading or in response to an order of the court.* We will point out to counsel that there is no provision in the rules for a party to simply submit affidavits for filing and we will suggest that counsel submit a motion for leave to file the affidavit. If we do not receive such a motion, we will memo the document up to the judge.

Under the Filing Guidelines, these deficiencies result merely in "memo-ing" the problem document up to the judge, not in refusing to file it. The Filing Guidelines include no mention of a notice of appeal, and thus do not indicate that a notice of appeal should not be treated as a complaint or as a subsequent pleading.

This court is given the authority to extend the time for filing a notice of appeal based upon a showing of excusable neglect or good cause, upon motion filed not later than 30 days after the expiration of the time prescribed by RCFC 4(a). Any such motion filed before the expiration of that time may be ex parte, and shall not exceed 30 days past the original due date. *Id.* Fed. R.App.P. 4(a)(5); *Penrod Drilling Co. v. U.S.,* 925 F.2d 406 (Fed.Cir.1991). No request for an extension has been filed. However, the court concludes that none is necessary in this case because the notice was timely received and should have been timely filed.

The court also concludes that the clerk's failure to file the notice of appeal on the date it was received constituted an abuse of discretion, and a clear error, since none of the deficiencies required such a refusal under the rules and procedures of this court. The court therefore orders (1) that the notice shall be filed as of the date of payment of the filing fee, December 30, 1997, one day after receipt of the notice, and (2) that the clerk's records shall be corrected to conform with this fact. *Cf.* Fed.R.App.P. 10(e) ("If any difference arises as to whether the record truly discloses what occurred in the district court, the difference shall be submitted to and decided by that court and the record made to conform with the truth.").

■ The court's action shall be deemed a ruling on a motion for an extension within 30 days of January 5, 1998, as provided by Fed.R.App.P. 4(a)(5), which shall be deemed to have been filed on January 9, 1998, when the application for an extension of time to designate the record on appeal was received. The actions of the clerk's office in misleading plaintiff/appellant's new counsel as to the filing requirements of the court, and counsel's (1) good faith attempts to comply with the clerk's office's directives and (2) inability to secure substitution of counsel for reasons beyond her control demonstrate plaintiff/appellant's excusable neglect and good cause shown under Fed.R.App.P. 4(a)(5). *See Penrod Drilling Company v. United States,* 925 F.2d 406 (Fed.Cir.1991) ("grant or denial of a motion to extend time for filing a notice of appeal is discretionary with the [trial] court"); *United States v. Atkinson,* 748 F.2d 659, 660 (Fed.Cir.1984).

Plaintiff/appellant shall promptly, and, in any event, within 5 business days of receipt of this order, correct any remaining deficiencies in the notice of appeal.

The application for an extension of time to designate the record under Fed.R.App.P. 10 is granted.