NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**UNITED COMMUNITIES, LLC,**
*Plaintiff-Appellant*

**v.**

**UNITED STATES,**
*Defendant-Appellee*

---

2022-2074

---

Appeal from the United States Court of Federal Claims in No. 1:20-cv-01220-PEC, Judge Patricia E. Campbell-Smith.

---

Decided:  January 12, 2024

---

G. SCOTT WALTERS, Smith, Currie & Hancock LLP, Atlanta, GA, for plaintiff-appellant.  Also represented by SARAH CARPENTER, Charlotte, NC.

EBONIE I. BRANCH, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for defendant-appellee.  Also represented by BRIAN M. BOYNTON, DEBORAH ANN BYNUM, PATRICIA M. MCCARTHY.

---

Before REYNA, TARANTO, and CHEN, *Circuit Judges.*

PER CURIAM.

United Communities, LLC (United Communities) filed with the United States Court of Federal Claims a motion for extension of time to file a notice of appeal one month after its notice of appeal should have been filed. The court denied this motion, determining that United Communities failed to show excusable neglect. *United Communities, LLC v. United States*, 160 Fed. Cl. 591, 592–93 (2022) (*Order*). Because we do not believe the court abused its discretion in finding no excusable neglect, we *affirm*.

## BACKGROUND

In 2006, the United States (Government) and United Communities entered a contract in which United Communities agreed to develop and operate privatized military housing at McGuire Air Force Base and Fort Dix, Wrightstown, Burlington County, New Jersey. Under the contract, United Communities agreed to cap the rent it would charge to military families at an amount equal to each military member's Basic Allowance for Housing (BAH). *United Communities, LLC v. United States*, 154 Fed. Cl. 676, 678 (2021). On May 1, 2020, United Communities—dissatisfied with the Secretary of Defense's exercise of statutory authority to reduce the BAH—submitted a certified claim to the contracting officer that alleged (1) breach of contract, (2) breach of the implied duty of good faith and fair dealing, and (3) violation of the Takings Clause of the Fifth Amendment to the United States Constitution. *Id.* at 680; J.A. 40–43. The contracting officer denied the claim in a final decision on June 29, 2020. *United Communities*, 154 Fed. Cl. at 680.

After a subsequent confirmation of the contracting officer's decision on July 8, 2020, United Communities filed suit in the Court of Federal Claims on September 17, 2020

against the Government, again alleging breach of contract, breach of the implied duty of good faith and fair dealing, and violation of the Takings Clause. *Id.* The Government moved to dismiss the complaint under Rule 12(b)(6) of the Rules of the Court of Federal Claims, and the Court of Federal Claims granted the motion, dismissing the complaint with prejudice. *Id.* at 677–78, 685. United Communities filed a motion for reconsideration, which the court denied on November 18, 2021. *United Communities, LLC v. United States*, 157 Fed. Cl. 19, 20 (2021).

United Communities failed to timely file with the Court of Federal Claims its notice of appeal to our court. The parties do not dispute that, under Federal Rule of Appellate Procedure 4(a)(1)(B), the deadline for filing a notice of appeal was tethered to the date of the court's denial of United Communities's motion for reconsideration and that this deadline was on January 17, 2022. United Communities did not file a notice of appeal on or before this deadline. *Order*, 160 Fed. Cl. at 592. Instead, United Communities's counsel incorrectly relied on 41 U.S.C. § 7107, which governs timing of appeals of a decision from an agency board of contract appeals. J.A. 803.

After discovering this error, United Communities filed a motion for extension of time to file a notice of appeal on February 16, 2022 accompanied with a notice of appeal. Under Federal Rule of Appellate Procedure 4(a)(5)(A), a "district court may extend the time to file a notice of appeal if . . . (i) a party so moves no later than 30 days after the time prescribed by this Rule 4(a) expires; and (ii) regardless of whether its motion is filed before or during the 30 days after the time prescribed by this Rule 4(a) expires, that party shows excusable neglect or good cause." United Communities's notice of appeal removed jurisdiction from the Court of Federal Claims, and we remanded the case to the Court of Federal Claims to permit it to rule on the motion for extension of time.

The Court of Federal Claims denied the motion, determining that United Communities's failure to timely file did not rise to the level of excusable neglect. *Order*, 160 Fed. Cl. at 591–92. United Communities's lead argument was that the circumstances of its neglect were analogous to the unique docketing circumstances in *Cygnus Corporation, Inc. v. United States*, 65 Fed. Cl. 646 (2005), a case in which the court previously found excusable neglect. *Order*, 160 Fed. Cl. at 592–93. But the court found that such unique docketing circumstances did not exist around United Communities's neglect. *Id.* at 593. The court further considered the specific non-exhaustive factors articulated in *Pioneer Investment Services Co. v. Brunswick Associates Ltd. Partnership*, 507 U.S. 380 (1993), but found no excusable neglect because United Communities "fail[ed] to identify anything other than 'garden-variety miscalculation' on counsel's part." *Order*, 160 Fed. Cl. at 593 (quoting *Kansas Gas & Elec. Co. v. United States*, 111 Fed. Cl. 169, 175 (2013)). Finally, the court disposed of United Communities's contention first raised in its reply that relied on *United States v. Brown*, 133 F.3d 993 (7th Cir. 1998). *Order*, 160 Fed. Cl. at 592 n.3. In United Communities's view, the reasoning in *Brown* established that denial of United Communities's motion would be overly harsh and accordingly counseled in favor of granting the motion. The court did not find this argument persuasive, explaining that *Brown* was not binding on the Court of Federal Claims and, as a criminal case, was factually distinguishable because it implicated a different set of rights and equities than those at issue in this civil case. *Id.* The court thus denied United Communities's motion for an extension of time for filing a notice of appeal. *Id.* at 593.

United Communities timely appeals this denial. We have jurisdiction under 28 U.S.C. § 1295(a)(3).

### STANDARD OF REVIEW

We review a trial court's grant or denial of a motion to extend time for filing a notice of appeal for an abuse of discretion. *Penrod Drilling Co. v. United States*, 925 F.2d 406, 408 (Fed. Cir. 1991). "To constitute an abuse of discretion, a court must either make a clear error of judgment in weighing relevant factors or exercise discretion based upon an error of law." *DGR Assocs., Inc. v. United States*, 690 F.3d 1335, 1340 (Fed. Cir. 2012).

### DISCUSSION

We are unpersuaded that the Court of Federal Claims abused its discretion in denying United Communities's motion for an extension of time to file a notice of appeal.

### I. Excusable Neglect

United Communities argues that the Court of Federal Claims failed to properly weigh the *Pioneer* factors. In *Pioneer*, the Supreme Court explained that "inadvertence, ignorance of the rules, or mistakes construing the rules do not usually constitute 'excusable' neglect . . . ." 507 U.S. at 392. According to the Supreme Court, determining whether a party's neglect is excusable "is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission." *Id.* at 395. The Supreme Court then endorsed certain non-exhaustive factors including (1) the danger of prejudice to the non-moving party, (2) the length of the delay and its potential impact on judicial proceedings, (3) the moving party's reason for the delay, including whether the delay was within the reasonable control of the moving party, and (4) whether the moving party acted in good faith. *Id.* These factors are commonly known as the *Pioneer* factors. *See FirstHealth of Carolinas, Inc. v. CareFirst of Maryland, Inc.*, 479 F.3d 825, 828–29 (Fed. Cir. 2007).

We do not believe the Court of Federal Claims abused its discretion. United Communities's motion primarily

relied on a Court of Federal Claims decision—*Cygnus*—but the court identified specific material differences between the circumstances surrounding United Communities's neglect and the circumstances in *Cygnus*, observing that *Cygnus* "involved the unusual circumstance that the clerk's office did not timely enter on the docket the order that began the appeal clock." *Order*, 160 Fed. Cl. at 593. United Communities, the court explained, "identified no such factor that contributed to its delay in this case that is 'outside the ordinary course.'" *Id.* (quoting *Cygnus*, 65 Fed. Cl. at 649). The court additionally considered each *Pioneer* factor and, despite finding little prejudice to the Government and little threat to judicial administration, concluded that United Communities's failure to identify any reason besides counsel's erroneous understanding of the law weighed in favor of denial. *Id.*

United Communities argues that the Court of Federal Claims's excusable-neglect analysis failed to consider the harshness of depriving United Communities of the right to appeal the dismissal. But under the circumstances, we believe the court's response to this argument did not amount to an abuse of discretion. It reasoned that the rights and equities at issue in *Brown*, a criminal case, were distinguishable from the rights and equities implicated in the present civil case. *Id.* at 592 n.3. Instead, following its *Kansas Gas* decision, the court explained that United Communities "fail[ed] to identify anything other than 'garden-variety miscalculation' on counsel's part." *Id.* at 593 (quoting *Kansas Gas*, 111 Fed. Cl. at 175). Considering United Communities's limited presentation of its argument to the Court of Federal Claims, we conclude it has failed to show that the court abused its discretion.

Furthermore, we are not persuaded that the other cases that United Communities raises for the first time on appeal establish that the Court of Federal Claims abused its discretion. Appellant's Br. 19–20 (first citing *Feeder Line Towing Serv., Inc. v. Toledo, P. & W. R. R. Co.*, 539

F.2d 1107 (7th Cir. 1976); and then citing *Treasurer, Trustees of Drury Indus., Inc. Health Care Plan & Tr. v. Goding*, 692 F.3d 888 (8th Cir. 2012)). In *Feeder Line*, the Seventh Circuit determined the district court did not abuse its discretion in finding excusable neglect based on counsel's mistaken understanding of "clearly conflicting language of two provisions of the law" with respect to the deadline for filing a notice of appeal. 539 F.2d at 1109. And in *Treasurer*, the Eighth Circuit similarly determined that the district court did not abuse its discretion in finding excusable neglect based on a computer error in counsel's calendaring system. 692 F.3d at 893. These cases, however, are factually distinguishable. Here, United Communities explained that its calendaring error was due to counsel's misplaced reliance on their experience with appeals from a different tribunal, not due to conflicting language in the law or a computer error. *Order*, 160 Fed. Cl. at 592. Moreover, it is worth noting that in these decisions as well as in *Brown*, the appellate courts did not reverse any trial court rulings but instead deferred to the trial courts, given the latitude they are accorded under the applicable standard of review. In sum, we do not believe the Court of Federal Claims abused its discretion in finding no excusable neglect.

## II. Good Cause

United Communities alternatively alleges that the Court of Federal Claims legally erred in refusing to analyze whether good cause justified the delay. We agree with the court that "[i]n substance, however, [United Communities]'s argument [before the Court of Federal Claims] addresse[d] only excusable neglect." *Id.* at 592 n.2. Having addressed United Communities's substantive arguments, which were all directed to excusable neglect, the court did not abuse its discretion by not separately addressing United Communities's bare references to good cause. To the extent United Communities argues that we should find good cause for the first time on appeal, we decline to do so. *See Fresenius USA, Inc. v. Baxter Int'l, Inc.*, 582 F.3d 1288,

1296 (Fed. Cir. 2009) (deeming a "skeletal or undeveloped argument" presented to the district court to be waived on appeal).

## CONCLUSION

We have considered United Communities's remaining arguments and find them unpersuasive. While we are sympathetic to United Communities's situation, we cannot find a sufficient reason to displace the discretion of the Court of Federal Claims in denying United Communities's motion for extension of time. For the foregoing reasons, we *affirm* the denial of the Court of Federal Claims.

**AFFIRMED**